*Decision will be entered under Rule 50.*

SOUTHERN SPORTSWEAR COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11694. Promulgated March 8, 1948.

*W. L. Ambrose, Jr., Esq.,* for the petitioner.
*Frank M. Thompson, Jr., Esq.,* for the respondent.

OPINION.

LEMIRE, *Judge*: The respondent determined deficiencies in petitioner's income and excess profits taxes for the fiscal year ended February 28, 1943, in the respective amounts of $1,498.83 and $4,230.44, plus a 25 per cent penalty of $1,057.61 for failure to file an excess profits tax return within the time prescribed by law.

The parties have stipulated in this proceeding that for the taxable year involved there is a deficiency in income tax in the amount of $1,208.09 and that there is no deficiency in excess profits tax or penalty due for failure to file an excess profits tax return.

The sole question remaining for our determination is whether this Court may order a credit or refund of a payment of excess profits tax of $2,250 which the petitioner made in 1943 on a tentative excess profits tax return for its taxable year ended February 28, 1943, the payment having been made more than two years before the date the deficiency notice was mailed.

All of the facts are agreed upon and are contained in a written stipulation, with exhibits attached, which we incorporate herein by reference. In summary, the essential facts are as follows:

The petitioner is a Tennessee corporation, with its principal office located at Knoxville, Tennessee. On May 15, 1943, the petitioner filed with the collector of internal revenue for the district of Tennessee tentative income and excess profits tax returns, Forms 1120 and 1121,

for the year ended February 28, 1943, showing estimated income tax of $900 and excess profits tax of $9,000. Checks for the first quarterly payment of such taxes in the respective amounts of $225 and $2,250 accompanied the returns. These amounts were carried for several months in the Commissioner's accounts as unidentifiable collections and were assessed on the collector's lists of October and November 1943, respectively.

On July 17, 1943, the petitioner filed a completed income and declared value excess profits tax return on Form 1120, showing a loss of $3,031.36 and no tax due. It did not file an excess profits tax return, stating in the income tax return that none was being filed for the taxable year.

On May 10, 1946, the Commissioner mailed the petitioner a deficiency notice disclosing deficiences of $1,498.83 in income tax and $4,230.44 in excess profits tax, with a 25 per cent penalty on the latter amount of $1,057.61. In his determination of these deficiencies, the Commissioner did not allow any credits for the income or excess profits taxes which the petitioner had paid with its tentative returns. The petitioner filed a petition with this Court on August 1, 1946, alleging that the respondent erred in determining the deficiencies and penalty for the taxable year ended February 28, 1943, and asking this Court to determine that there was an overpayment of taxes for that year of $2,475, which the petitioner is entitled to have refunded.

Subsequently, certain adjustments were agreed to by the respondent with respect to disallowed deductions for salaries, travel expenses, and inventory, as set out in the stipulation referred to above, the effect of which is to reduce the income tax deficiency to $1,208.09, after crediting the $225 payment made with the tentative income tax return, and to eliminate entirely the excess profits tax deficiency.

It is further stipulated that the petitioner has never filed any claim for refund, other than the petition herein, in respect of the amounts which it paid as income or excess profits tax on the tentative returns filed for its taxable year 1943.

The petitioner contends here that it is entitled to a credit or refund of the erroneous excess profits tax payment under section 322 (d), Internal Revenue Code, and to have this Court so determine. It argues, first, that the tentative excess profits tax return filed May 15, 1943, was a sufficient return for the purpose of section 322 (d).

Section 322 provides in material part as follows:

(a) AUTHORIZATION.—

(1) OVERPAYMENT.—Where there has been an overpayment of any tax imposed by this chapter, the amount of such overpayment shall be credited against any income, war-profits, or excess-profits tax or installment thereof then due from the taxpayer, and any balance shall be refunded immediately to the taxpayer

\*       \*       \*       \*       \*       \*       \*

(b) LIMITATION ON ALLOWANCE.—

(1) PERIOD OF LIMITATION.—Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later. If no return is filed by the taxpayer, then no credit or refund shall be allowed or made after two years from the time the tax was paid, unless before the expiration of such period a claim therefor is filed by the taxpayer.

\* \* \* \* \* \* \*

(c) EFFECT OF PETITION TO BOARD.—If the Commissioner has mailed to the taxpayer a notice of deficiency under section 272 (a) and if the taxpayer files a petition with the Board of Tax Appeals within the time prescribed in such subsection, no credit or refund in respect of the tax for the taxable year in respect of which the Commissioner has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court except—

(1) As to overpayments determined by a decision of the Board which has become final; and

(2) As to any amount collected in excess of an amount computed in accordance with the decision of the Board which has become final \* \* \*;

\* \* \* \* \* \* \*

(d) OVERPAYMENT FOUND BY BOARD.—If the Board finds that there is no deficiency and further finds that the taxpayer has made an overpayment of tax in respect of the taxable year in respect of which the Commissioner determined the deficiency, or finds that there is a deficiency but that the taxpayer has made an overpayment of tax in respect of such taxable year, the Board shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Board has become final, be credited or refunded to the taxpayer. No such credit or refund shall be made of any portion of the tax unless the Board determines as part of its decision (1) that such portion was paid (A) within two years before the filing of the claim, the mailing of the notice of deficiency \* \* \*, or (B) within three years before the filing of the claim, the mailing of the notice of deficiency, or the execution of the agreement, whichever is earliest, if the claim was filed, the notice of deficiency mailed, or the agreement executed within three years from the time the return was filed by the taxpayer \* \* \*

Since the payment here was made more than two years, but not more than three years, before the deficiency notice was mailed, the refund can not be claimed under section 322 (d) (1) (A). Our question, therefore, is whether the deficiency notice was mailed "within three years from the time *the return* was filed" (emphasis supplied), as provided in section 322 (d) (1) (B).

The respondent's position is that no excess profits tax return such as is contemplated by section 322 (d) (1) (B) was ever filed and that the refund of excess profits tax was therefore barred on the expiration of the two-year period following its payment.

The tentative excess profits tax return which the petitioner filed on May 15, 1943, shows nothing more than the taxpayer's name and address and the estimated excess profits tax due of $9,000. Such a return, which does not state the items of income, deductions, and credits, is not

the return required by law and does not start the running of the statute of limitations. *Florsheim Bros. Drygoods Co.* v. *United States*, 280 U. S. 453. The petitioner argues that, although such a tentative return as it filed may not be a sufficient return to start the running of the statute of limitations against assessments, it should, nevertheless, be considered the return required by section 322 (d) (1) (B). We do not think that such a distinction can be made. Endless confusion would result if returns were to be treated as valid for some purposes and invalid for others, according to the purpose of the particular statute involved. The situation here, we think, is the same as if the petitioner had never filed any excess profits tax return for the taxable year involved. That being the situation, its claim for refund must have been filed, or the deficiency notice mailed, not more than two years after the tax was paid, as provided in section 322 (d) (1) (A). The petitioner has never filed any refund claim, except as represented by its petition in this proceeding, and the deficiency notice was mailed later than two years after the tax was paid.

Neither do we think that the completed income and declared value excess profits tax return which the petitioner filed July 17, 1943, can be accepted as an excess profits tax return. That return stated on its face that no excess profits tax return was being filed for the taxable year. The filing of an income tax return does not start the running of the statute of limitations against the assessment and collection of an excess profits tax liability. *Rockland & Rockport Lime Corporation* v. *Ham*, 38 Fed. (2d) 239; *McDonnell* v. *United States*, 59 Fed. (2d) 295; and *Beam* v. *Hamilton*, 289 Fed. 9. On the same principle, we think that the time for refund of excess profits taxes under section 322 can not be measured from the filing of an income and declared value excess profits tax return. The law is explicit in its requirement for separate and complete returns for each type of tax.

The petitioner argues further in its brief that section 3807 (b) is applicable and has the effect of extending the time for the refund one year from the date of the final adjudication by this Court. That section appears under "Miscellaneous Provisions" and relates to "Period of Limitations in Case of Related Taxes Under Chapter 1" and others. This section reads, in part, as follows:

(b) *Extension of Period of Limitations.*—If—

(1) under a determination in respect of a tax imposed by Chapter 1 or Chapter 2, a deficiency is assessed or a credit or refund of an overpayment is allowed, within the period of limitations properly applicable thereto, and

(2) the application of the law or facts determined in the ascertainment of such deficiency or overpayment to any other such tax of the taxpayer under Chapter 1 or Chapter 2 for the same taxable year would result in an increase or decrease in the amount of the tax previously determined in respect of such other tax * * *.

We do not think that this section is applicable. The income tax and

the excess profits tax are not "Related Taxes" such as the statute intends to embrace. The petitioner's excess profits tax would neither be increased nor decreased by the application of the law on facts ascertained in the determination of the income tax liability. They are separate taxes, depending upon separate facts and separate statutory provisions, and requiring separate returns.

Lest the result reached here should appear to work an unconscionable hardship on the petitioner, it should be noted that under section 322 (b) the petitioner had two years from the date of the erroneous payment of excess profits tax to file its claim for a refund. That period had expired before the deficiency notice was ever mailed. The petitioner still had approximately twenty-two months in which to file such a claim after it had filed its completed income and declared value excess profits tax return showing on its face that no excess profits tax was due. Its failure to protect itself against the bar of the statute of limitations is not explained.

On the facts stipulated here, we can not find that the petitioner has made an overpayment of excess profits tax for the taxable year before us which it is entitled to have credited or refunded under section 322 or section 3807.

*Decision will be entered under Rule 50.*