THE MORRISDALE COAL MINING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34214.   Promulgated December 24, 1953.

*Dewey R. Roark, Jr., Esq., George E. H. Goodner, Esq.,* and *Paul E. Schaub, C. P. A.,* for the petitioner.

*William G. Handfield, Esq.,* for the respondent.

## OPINION.

VAN FOSSAN, *Judge:* At the outset, petitioner challenges the propriety of respondent's action in effecting an adjustment of the credit allowed it under section 26 (e)[1] of the Code. Specifically, petitioner contends that section 721 of the Internal Revenue Code provides for relief from excess profits tax after all other issues are disposed of, and that it is so limited and does not comprehend any adjustment to income tax liability as a result of such relief. In reply to the argument, respondent points to section 26 (e), *supra*, itself, and maintains that such section clearly authorizes the procedure employed by him.

Neither party cites any authority in support of the views respectively held by them. It is our opinion that the position taken by respondent is correct. Section 26 (e) specifically provides that in the case of any corporation, subject to the excess profits tax and computing same under section 721, the credit allowable for income subject to excess profits tax shall be the amount of which such tax is 90 per cent. In the instant case, it cannot be denied that petitioner was, during the taxable year, a corporation subject to the excess profits tax, nor that such tax was determined and computed under section 721. Thus, the factual situation before us would seem to fall squarely within the scope and intendment of the statute in question. Certainly nothing appears therein which would restrain or proscribe the procedure employed by respondent. To the contrary, such action seems clearly in pursuit of the statutory mandate.

Petitioner, however, advances the view that regardless of whether respondent's action is authorized under the statute, he, nevertheless, is barred by the statute of limitations from assessing and collecting the deficiency in dispute. Respondent agrees that such would be the

---

[1] SEC. 26. CREDITS OF CORPORATIONS.

In the case of a corporation the following credits shall be allowed to the extent provided in the various sections imposing tax—

(e) INCOME SUBJECT TO EXCESS-PROFITS TAX.—In the case of any corporation subject to the tax imposed by Subchapter E of Chapter 2, an amount equal to its adjusted excess-profits net income (as defined in section 710 (b)). In the case of any corporation computing such tax under section 721 (relating to abnormalities in income in the taxable period), section 726 (relating to corporations completing contracts under the Merchant Marine Act of 1936), section 731 (relating to corporations engaged in mining strategic minerals), or section 736 (b) (relating to corporations with income from long-term contracts), the credit shall be the amount of which the tax imposed by such subchapter is 90 per centum. * * *

case but for section 3807,[2] Internal Revenue Code, on which section he says the present notice of deficiency relies for its validity. On brief, he points up the items which are a prerequisite to the application of such statute, all of which items appear to be present here. Thus, there has heretofore been a determination by this Court of an overpayment of petitioner's excess profits, or chapter 2, tax for 1943. Further, the application of the law or facts determined in the ascertainment of such overpayment to any other tax of petitioner under chapter 1, here its income tax, for the same taxable year results in an increase in the amount of such tax over that previously determined. And finally, the assessment of the deficiency in petitioner's income tax thus determined is prevented by the statute of limitations. Under such circumstances, section 3807, *supra*, would seem clearly to apply and operate to lend validity to the notice of deficiency in controversy.

Furthermore, our research of the legislative history of the statute in question and our reading of the congressional committee reports attendant upon its passage, leaves us with no doubt as to the intent of Congress in this respect. The income tax and the excess profits tax are related taxes within the scope and intendment of section 3807, and respondent's procedure finds authority therein. See Conference Rept. No. 1079, 78th Cong., 2d Sess., p. 72, *et seq.; Uni-Term Steve-doring Co.*, 3 T. C. 917, 920, footnote 6. See also *Morrisdale Coal Mining Co.*, 19 T. C. 208; *Hadley Furniture Co.* v. *United States*, 87 F. Supp. 590. The statement to the contrary found in *Southern Sports-*

---

[2] SEC. 3807. PERIOD OF LIMITATIONS IN CASE OF RELATED TAXES UNDER CHAPTER 1 AND CHAPTER 2.

(a) DEFINITIONS.—As used in this section—

(1) The term "tax previously determined" shall have the meaning assigned to such term by section 3801 (d).

(2) The term "the same taxable year" shall include any taxable year which coincides in whole or in part with the taxable year for which the determination referred to in subsection (b) is made.

(b) EXTENSION OF PERIOD OF LIMITATIONS.—If—

(1) under a determination in respect of a tax imposed by Chapter 1 or Chapter 2, a deficiency is assessed or a credit or refund of an overpayment is allowed, within the period of limitations properly applicable thereto, and

(2) the application of the law or facts determined in the ascertainment of such deficiency or overpayment to any other such tax of the taxpayer under Chapter 1 or Chapter 2 for the same taxable year would result in an increase or decrease in the amount of the tax previously determined in respect of such other tax, and

(3) on any date prior to the expiration of one year from the assessment of a deficiency or the allowance of a credit or refund in respect of the tax referred to in paragraph (1), the assessment of a deficiency or the allowance of a credit or refund in respect of the tax referred to in paragraph (2), is prevented (except for the provisions of section 3801 or 734) by the operation (whether before, on, or after the date of enactment of the Revenue Act of 1943) of any law or rule of law other than this section and other than section 3761 (relating to compromises), then upon such date the increase or decrease in the tax referred to in paragraph (2) shall be considered a deficiency or an overpayment, as the case may be. Such deficiency may be assessed and collected or such overpayment may be credited or refunded as if on the date the deficiency is assessed or the credit or refund allowed in respect of the tax referred to in paragraph (1) one year remained before the expiration of the periods of limitation upon assessment or filing claim for refund in respect of the tax referred to in paragraph (2) for the same taxable year.

*wear Co.*, 10 T. C. 402, remanded to vacate partially, 175 F. 2d 779, cannot be regarded as correct in view of the clear exposition of the congressional intent appearing in the cited conference report.

Petitioner also argues that the issue as to the income tax deficiency in dispute should have been raised by respondent in Docket No. 16270, the prior section 721 proceeding upon which it is based, and, respondent not having done so, he may not now assert such deficiency, that proceeding having become final. Petitioner's argument on this point appears to be addressed principally to the extent of our jurisdiction in the prior case and to what could or could not have properly been done therein. The short answer is that regardless of what may have been the extent of our jurisdiction there, or what perhaps could or could not have been done therein, the fact remains that section 3807, in our view, operates to give respondent 1 year following the entry of our decision therein, within which to make any necessary adjustments to a related tax and collect or refund the deficiency or overpayment consequent thereon. The notice of deficiency involved, we have found, was mailed within such period of time.

There remains for disposition petitioner's contention that if its income tax is to be adjusted after refund of excess profits tax is granted under section 721 by virtue of section 3807, then and in that event and by virtue of the same statute, it is entitled to recompute its excess profits tax liability to give effect to the 80 per cent overall limitation provided in section 710 (a) (1) (B).[3]

We do not feel that the question thus presented is properly before us in this proceeding. In the absence of a deficiency in petitioner's excess profits tax for 1943, or the denial of a refund thereof under one of the relief provisions, we are without jurisdiction in the premises. The question whether section 3807 would operate to allow petitioner 1 year hereafter in which to file its claim for refund, if our holding herein causes a corresponding adjustment in the excess profits tax of petitioner, is beyond the province of this opinion. But see Conference Rept. No. 1079, *supra*.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

[3] SEC. 710. IMPOSITION OF TAX.

(a) IMPOSITION.—

.(1) GENERAL RULE.—There shall be levied, collected, and paid, for each taxable year, upon the adjusted excess-profits net income, as defined in subsection (b), of every corporation (except a corporation exempt under section 727) a tax equal to whichever of the following amounts is the lesser:

\* \* \* \* \* \* \*

(B) an amount which when added to the tax imposed for the taxable year under Chapter 1 (other than section 102) equals 80 per centum of the corporation surtax net income, computed under section 15 or Supplement G, as the case may be, but without regard to the credit provided in section 26 (e) (relating to income subject to the tax imposed by this subchapter).