Uni-Term Stevedoring Co., Inc., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 1465. Promulgated May 29, 1944.

*Milton J. Levitt, Esq.*, for the petitioner.
*Mason B. Leming, Esq.*, and *J. D. Bierman, Esq.*, for the respondent.

Before Murdock and Disney, Judges.

### OPINION.

Murdock, *Judge*: The parties have raised and argued a jurisdictional question on the petitioner's motion for leave to file an amended petition. The question which they have argued is, Has this Court jurisdiction to consider and rule upon an application by the petitioner for relief under section 722 of the Internal Revenue Code in this proceeding, which is based entirely upon a notice of deficiency in excess profits taxes for 1940?

The petitioner, a corporation, filed two returns for the calendar year 1940 with the collector for the second district of New York. One return was for income, declared value excess profits, and defense taxes. The other was for excess profits tax. The petitioner represented on its income tax return that it was a personal service corporation and signified its desire not to be subject to excess profits tax. Accordingly, it reported no tax due on the excess profits tax return. The Commissioner mailed the petitioner a notice of deficiencies in income tax, declared value excess profits tax, and excess profits tax for 1940. He also advised the petitioner in that notice of his holding that the petitioner was not entitled to classification as a personal service corporation under section 725 (a) of the Internal Revenue Code.

The petitioner filed a petition with this Court on April 29, 1943, based upon the above deficiency notice, contesting only the excess profits tax deficiency. The single error assigned was the failure of the Commissioner to recognize that the petitioner was a personal service corporation. Issue was joined and the proceeding came on for hearing on April 5, 1944, at which time counsel for the petitioner stated that the claim for personal service classification was abandoned.

He asked leave at that time to amend the petition in order to attack the deficiency in excess profits tax on the ground that the Commissioner had erroneously failed to grant relief under section 722 of the Internal Revenue Code. About six months previously, on September 15, 1943, the petitioner had filed with the Commissioner an application for relief under section 722, in which it claimed a refund or credit of $83,669.16, the same amount as the deficiency in excess profits tax determined by the Commissioner. The petitioner has not paid any excess profits tax for 1940. The Commissioner has not acted upon the application for relief under section 722.

Congress has provided that the excess profits tax imposed by section 710 of subchapter E of chapter 2 shall first be computed, returned, and paid without regard to any possible relief under section 722, except in a case not here material. Sec. 722 (d). A complete system of assessing and collecting this excess profits tax, including any deficiency therein determined by the Commissioner, without regard to possible relief under 722, has been provided. Section 729 (a), relating to excess profits tax, states that all provisions of law applicable in respect of income taxes "shall insofar as not inconsistent with this subchapter, be applicable in respect of the tax imposed by this subchapter." Thus, the receipt of the notice of deficiency in excess profits tax and the filing of the original petition in this case gave this Court jurisdiction to make "a redetermination of the deficiency." The petitioner has now withdrawn its only assignment of error as to the deficiency and a decision for the respondent is in order.

Congress separately provided a procedure for the consideration of relief under 722, for the determination by the Commissioner of the extent to which relief should be granted, and for review of that determination by this Court under certain circumstances. Section 732, entitled "Review of Abnormalities," provides that the Commissioner, if he disallows a claim under section 722, shall send a notice of his disallowance to the taxpayer by registered mail and the taxpayer may file a petition with this Court within 90 days for a redetermination of the excess profits tax.[1] It further provides that "such notice of disallowance shall be deemed to be a notice of deficiency for all purposes

---

[1] This is quite different from the procedure under sections 327 and 328 of the 1919 Act, where the Board of Tax Appeals acquired jurisdiction to consider applications for special assessment only in cases where the Commissioner had first determined a deficiency in excess profits tax.

It has been suggested that the only purpose of section 732 (a) was to permit review by this Court in cases where no deficiency had been determined in excess profits tax. No support is found for this either in the legislative history or in the provisions of the statute. The latter indicate a realization by Congress that a notice might be mailed under 732 (a) even though the Commissioner had also determined a deficiency and mailed a notice under 729 (a).

relating to the assessment and collection of taxes or the refund or credit of overpayments."

Thus, proceedings may come to this Court in two different ways— one, following the receipt of a notice of a deficiency in excess profits taxes, and the other, following a notice of the disallowance of a claim under 722. The present proceeding is one which has arisen under the first method, not the second. Jurisdiction in this case depends entirely upon the provisions of section 729 (a).

Congress obviously intended and provided that the application for relief under section 722 should first be considered by the Commissioner before the matter should be "reviewed" by this Court.[2] The regulations are consistent with this interpretation of the law. Section 732, the only section which specifically confers jurisdiction on this Court to consider questions arising under section 722, confers jurisdiction to make a redetermination after the Commissioner has acted by denying in whole or in part a claim for refund. There is now no provision authorizing this Court to consider or decide the question of relief under 722 in the absence of prior action by the Commissioner.

The relief provided by section 722 is in the form of a refund or credit of excess profits tax paid. Until some tax is paid, there is no basis for that relief. The relief is not effected through reduction of a deficiency in the excess profits tax. The petitioner in this case has paid no excess profits tax for 1940 and, consequently, is not in position to ask for any relief. It can not be entitled to a refund or credit of excess profits tax until it pays the deficiency which the Commissioner has determined.[3] It will have two years after payment within which to make a claim to the Commissioner for relief under section 722. See section 322(b) in the light of section 722(d).[4] Here

---

[2] Section 722 (g), added by section 206 (a) of the Revenue Act of 1943, providing for publication of information on cases in which relief has been allowed, states that, in a case where relief is allowed by this Court, there shall be set forth also information "with respect to relief previously allowed in such case by the Commissioner."

[3] There is a situation in which not all of the tax need be paid. See sections 722 (d) and 710 (a) (5).

[4] Congress, from time to time, extended the period within which applications for relief under 722 could be filed. One of the extensions provided that an application for certain periods would be timely if it were made in a petition or an amended petition to this Court filed within 90 days after the mailing of a notice of deficiency in excess profits tax. Sec. 222, Revenue Act of 1942. The petitioner did not follow that procedure. The first reference it has ever made to relief under 722 in any petition or amended petition is in the amended petition which it now seeks to file more than a year after the mailing of the notice of deficiency in excess profits tax. The time for filing claims was further extended after 1942 and section 222 was superseded by the present procedure, requiring the filing of an application with the Commissioner of Internal Revenue in all cases. Sec. 722 (d), as amended by Public Law No. 201, 78th Cong., 1st sess., approved Dec. 17, 1943. The present petitioner has followed this latter procedure, and the fact that the law once provided for the filing of an application with this Court need not complicate the present problem.

there has been neither payment of the tax nor action by the Commissioner. The petitioner's request that we take jurisdiction in this proceeding over the question of relief under 722 is premature.

It is apparent from the provisions of the statute that Congress intended to limit the jurisdiction of this Court, based upon a notice of deficiency in excess profits taxes, to a redetermination of that deficiency without regard to any possible relief under 722, and that our jurisdiction to consider the question of possible relief under 722 can be invoked only after the Commissioner has mailed a notice of the disallowance of a claim for that relief as provided in section 732.[5] The present petitioner in a deficiency proceeding under section 729(a) is seeking to invoke the jurisdiction to consider its right to relief as if the proceeding had originated under section 732. Congress did not intend that this should be done and to allow it would defeat the purposes which Congress had in mind.

Furthermore, no good purpose could be served by retaining jurisdiction in this proceeding pending the action of the Commissioner on the claim for relief under 722.[6] The entry of an order finding a deficiency in the amount determined by the Commissioner will in no way prejudice the petitioner in its efforts to have its claim for relief under 722 adequately considered in accordance with the provisions of the statute. It says that its application under 722 may be ineffectual unless jurisdiction is retained in this proceeding. Reference has been made above to the right of the petitioner to file an application for relief within two years after the tax has been paid.

---

[5] Perhaps both matters may be before the Court at the same time in some proceedings, e. g., where the Commissioner has mailed both notices at or about the same time. Also section 732(b) provides that a deficiency may be determined in a case arising under 732(a). Furthermore, due consideration has been given to the fact that 732(a) provides for review by this Court based upon notices other than the disallowance of a claim under 722.

[6] The suggestion that jurisdiction be retained is vicious so far as prompt collection of the revenues is concerned. The inference would be that in the case of all taxpayers proceedings would have to remain pending before this Court until final action were taken in regard to claims for relief under 722.

It has been suggested that the Commissioner can not afford to allow the income tax case of a taxpayer seeking relief under section 722 to be closed because if any relief were granted it would automatically decrease the credit for adjusted excess profits net income for income taxes allowed by section 26 (e). One sufficient answer to this suggestion is that no income tax liability is involved in the present proceeding and we can not keep that liability open. Furthermore, our attention has not been called to any provision of the law which expressly states that the granting of relief under section 722 shall have any effect upon the income tax credit for adjusted excess profits net income. See, contra, Regulations 111, sec. 29.26–4, at p. 219. See also sec. 722 (g), as added by sec. 206, Revenue Act of 1943. Finally, there may be no need to keep the income tax liability open in any case to protect the Commissioner because, if the granting of relief under section 722 does have the effect of decreasing the credit for income tax purposes, then under section 3807, I. R. C., as added by section 513 of the Revenue Act of 1943, apparently he can collect the additional tax due. See also Conference Report No. 1079, 78th Cong., 2d sess., p. 72, et seq.

But it says it will not be able to bring suit for any overpayment which is determined and this is so even if the Commissioner acts favorably upon its application. The thought is that its excess profits tax liability will become final once this present proceeding is terminated and then section 322 will prevent any suit for recovery of an overpayment later determined. It is also suggested that the Commissioner may not send a notice of disallowance of the claim under section 722, since that is the equivalent of a notice of deficiency, one notice of deficiency in excess profits tax has already been mailed, and section 272(f) prohibits the determination of an additional deficiency where a petition based upon an existing notice has been filed with this Court.

The flaw in this reasoning is that the provisions of the income tax law, including sections 322 and 272, are made applicable to the excess profits tax only to the extent that they are not inconsistent with the provisions of the excess profits tax subchapter. Sec. 729 (a). If the Commissioner disallows a claim for refund, the sending of a notice under section 732 (a) is mandatory. The same section also expressly provides that the petitioner, upon receipt of such a notice, may invoke the jurisdiction of this Court. These provisions would be of no avail if the excess profits tax liability had already become fixed for all purposes and 272 (f) prohibits a notice under 732 (a), as the taxpayer has suggested. Therefore, the provisions of the income tax law which would nullify the excess profits tax provisions granting relief under 722 must be read with the exceptions necessary to permit the purpose of Congress as expressed in 732 and 722 to be accomplished.[7] Consequently, if the Commissioner should act favorably upon this petitioner's claim for refund, the petitioner would be entitled to receive the refund or sue for it. Or, if it were held by this Court in a later proceeding that the petitioner is entitled to relief under 722, this Court would find an overpayment and the petitioner would be within the first exception to the general rule of section 322 (c).[8]

A decision is being entered denying the motion for permission to file the amended petition.

Reviewed by the Court.

---

[7] The necessity for some such exception is apparent also when suits for refund are considered. The Tax Court alone has jurisdiction to review the Commissioner's disallowance of a claim for relief under 722, but, for other excess profits tax purposes, suits for refund in the District Court and in the Court of Claims are in a sense alternatives to a proceeding in the Tax Court on a deficiency. If finality of a taxpayer's liability for excess profits tax without consideration of relief under 722 keeps the procedure under 722 and 732 from being effective, then no taxpayer can afford to go into the District Court to sue for a refund of excess profits taxes.

[8] Since we have no jurisdiction here over 722 relief, this decision will not be res judicata as to the question of relief under 722.