PIONEER PARACHUTE COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3367.  Promulgated September 25, 1944.

*Edmund S. Kochersperger, Esq.*, for the petitioner.
*R. C. Whitley, Esq.*, for the respondent.

### OPINION.

MURDOCK, *Judge*:  The Commissioner determined a deficiency in excess profits tax for the calendar year 1941, and in the same notice advised the petitioner of the determination of an overassessment in income tax and an overassessment in declared value excess profits tax. The petitioner, in a petition filed November 6, 1943, attempts to place all of these taxes in controversy and also "invokes the jurisdiction of this Honorable Court for the redetermination of excess profits taxes for the year 1941 (or any portion thereof) by the application of the relief provisions under Section 722." The Commissioner has moved to dismiss the proceeding for lack of jurisdiction in so far as it relates to income tax and to declared value excess profits tax.  He has also moved to strike from the petition paragraphs "Fifth" and "Sixth (k)" which relate to relief under section 722.  The parties were heard on these motions.

This Court has been given jurisdiction in income tax cases only where the Commissioner has determined a deficiency in that tax.  The income tax mentioned in the notice of deficiency and the excess profits tax are separately imposed, so that a determination of a deficiency in one does not support any jurisdiction of this Court over a determination of an overassessment in the other.  The same is true in regard

to the declared value excess profits tax and the excess profits tax. Therefore, as to the income tax and the declared value excess profits tax, this proceeding is dismissed for lack of jurisdiction. Cf. *Superheater Co.* v. *Commissioner*, 125 Fed. (2d) 514; *Will County Title Co.*, 38 B. T. A. 1396; *Hobbs Western Co.*, 43 B. T. A. 5; *Scaife Co.*, 47 B. T. A. 964; *Liberty Mirror Works*, 3 T. C. 1018.

This Court, in *Uni-Term Stevedoring Co.*, 3 T. C. 917, held that it has no jurisdiction to consider and rule upon an application by the petitioner for relief under section 722 of the Internal Revenue Code in a proceeding based entirely upon a notice of deficiency in excess profits taxes. The petitioner argues that the *Uni-Term Stevedoring* case is not authority here. It points out that, unlike the situation in that case, the petition here was filed prior to the amendment of section 722 (d) by Public Law No. 201, 78th Cong., 1st sess., approved December 17, 1943, and under the prior provisions a taxpayer to whom the Commissioner had mailed a notice of deficiency in excess profits tax could claim the benefits of section 722 in a petition filed with this Court. Therefore, it argues, we did obtain jurisdiction and never lost it.

The method of handling applications for relief under section 722 was developed over a period of years through a number of amendments. As first enacted by section 201 of the Second Revenue Act of 1940, the law provided no machinery for the administration of claims for relief. Section 6 of the Excess Profits Tax Amendments of 1941, and section 222 of the Revenue Act of 1942 provided for the handling of such claims. Under the former claims were required to be filed with the Commissioner within six months after the date prescribed for filing returns. Under the latter the same rule was retained with respect to taxable years beginning after December 31, 1941, but the time was extended until six months after the date of enactment of the 1942 Act with respect to taxable years "not beginning after December 31, 1941." Both of those statutes contained the provision upon which the petitioner here relies. Injustice would have resulted if they had not. A taxpayer's excess profits tax, as computed and reported by it on its return, might not be excessive or discriminatory, and therefore no relief would be claimed. But if the Commissioner then determined a deficiency after the period for claiming relief had expired, an excessive and discriminatory tax might result unless this Court were permitted to relieve against it. Congress provided that such relief could be claimed in a petition to this Court, with the proviso that in such cases the relief granted should not reduce the tax by an amount in excess of the amount of the deficiency finally determined without the application of section 722. Then, apparently recognizing that this Court is not equipped to handle claims for relief administratively and desiring to make full relief available, it changed the statute to its pres-

ent form by Public Law No. 201, *supra*. It provides that all claims shall first be considered by the Commissioner, and it eliminates the provision for claiming the benefits of the section in petitions to this Court. The time for filing claims is extended to be coextensive with the time for filing claims for refund prescribed by section 322. These provisions are expressly made applicable to all taxable years beginning after December 31, 1939. Thus the necessity for the old procedure has been eliminated. The petitioner and others like it are fully protected under the newer and substituted system. This is discussed at some length in the *Uni-Term Stevedoring* case.

The code now discloses a congressional intention that the new system shall be applied universally to all claims for relief arising under section 722, so that in no case shall the question of possible relief under 722 be tried before this Court until after the Commissioner has acted adversely upon the claim. This petitioner has a claim for relief pending before the Commissioner. The latter may grant all the relief which the petitioner asks—a possibility which amply demonstrates the undesirability of the procedure which the petitioner is advocating here. The Commissioner must act upon that claim. He has no alternative. If he denies it, or if he gives less relief than the petitioner demands, it can then institute a proceeding before this Court to contest that action of the Commissioner. Therefore, in order to carry out the intention of Congress, all reference to section 722 will be stricken from this petition.

Reviewed by the Court.