Pohatcong Hosiery Mills, Inc. v. Commissioner.
Pohatcong Hosiery Mills v. Commissioner
Docket No. 9650.
United States Tax Court
1946 Tax Ct. Memo LEXIS 234; 5 T.C.M. (CCH) 185; T.C.M. (RIA) 46063; March 25, 1946
ARUNDELL
Order ARUNDELL, Judge: This cause having come on for hearing on February 27, 1946, pursuant to notice, on respondent's motion to dismiss the proceeding, in so far as it relates to petitioner's applications for relief under Section 722 of the Internal Revenue Code, for lack of jurisdiction, and the court having considered the oral arguments, the petition, the affidavit, and the memoranda filed in opposition to the motion, it is hereby ORDERED: That the motion be granted and that this proceeding, in so far as it relates to the claim for relief under said Section 722, be dismissed *235 for lack of jurisdiction. Memorandum Sur Order Petitioner, a New Jersey corporation, timely filed with the Collector of Internal Revenue, at Newark, New Jersey, its excess profits tax return for the calendar year 1942, computing its tax without the application of Section 722 of the Internal Revenue Code. In the return it reported its excess profits net income as $206,334.07, its excess profits credit based on invested capital as $73,428.16, and its unused excess profits credit adjustment as $143,794.08. Since the credits reported exceed the excess profits net income reported, the return showed no excess profits tax to be due, and none has been paid. On September 4, 1943, petitioner filed, on Form 991, an application for relief under Section 722, covering the years 1940, 1941, and 1942. Subsequently respondent notified petitioner that he proposed to determine a deficiency of $88,642.23 in excess profits tax for 1942, based upon an increase in petitioner's excess profits net income and decreases in petitioner's credits. Thereafter, on July 20, 1944, petitioner filed, on Form 991, an amended application for relief under Section 722, covering the year 1942. *236 After numerous conferences between petitioner's and respondent's representatives, respondent, on August 29, 1945, mailed petitioner a notice of deficiency in excess profits taxes for 1942 in the amount of $88,642.23. In said deficiency notice respondent stated: You have filed Forms 991, Application for Relief under Section 722 of the Internal Revenue Code, one on September 4, 1943, covering the years 1940, 1941 and 1942, and one, amended, on July 20, 1944, covering the year 1942. Since these applications do not constitute claims for refund, no excess profits tax having been paid for any of the aforementioned years, this letter is not a notice of disallowance under Section 732 of the Internal Revenue Code. However, consideration has been given to your contentions relative to reconstruction under section 722 of your base period income for excess profits credit purposes, and it has been determined that you have not established that the tax computed under subchapter E of Chapter 2 of the Internal Revenue Code, without the benefit of section 722 of the Code, results in an excessive and discriminatory tax within the provisions of section 722 *237 (a) and (b) of the Code, and that you have not established what would be a fair and just amount representing normal earnings to be used as a constructive average base period net income for the purposes of an excess profits tax based upon a comparison of normal earnings and earnings during the excess profits tax taxable years ended December 31, 1940, December 31, 1941 and December 31, 1942. The petition in this proceeding was filed on November 21, 1945. In two general assignments, the petition alleges that the respondent erred in determining the deficiency. The other nine specific assignments of error are directed to the respondent's failure to grant relief under Section 722. On February 8, 1946, pursuant to an extension of time granted by this court on January 18, 1946, respondent filed his motion to dismiss the proceeding, in so far as it relates to petitioner's applications for relief under the provisions of Section 722, for lack of jurisdiction. In support of his motion respondent relies upon the decisions of this court in American Coast Line, Inc., 6 T.C. 67, promulgated January 15, 1946, Uni-Term Stevedoring Co., Inc., 3 T.C. 917; and Pioneer Parachute Co., Inc., 4 T.C. 27. *238 On the authority of those cases, respondent's motion is granted.