346

THE IDEAL PACKING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11650.   Promulgated September 15, 1947.

*Harry Friedman, Esq.,* for the petitioner.
*Richard L. Shook, Esq.,* for the respondent.

OPINION.

TURNER, *Judge*: The respondent determined deficiencies in excess profits tax in the respective amounts of $2,025 and $15,675.47 against the petitioner for its fiscal years ended October 31, 1943 and 1944, and in the notice of deficiency also stated the disallowance of petitioner's claim for relief under section 722 of the Internal Revenue Code for the said years.   On July 26, 1946, the petitioner filed its petition herein, the only claim of error being that the respondent erroneously determined that petitioner had not established its right to relief under section 722 of the Internal Revenue Code.   There is no claim that the respondent, in determining the deficiencies, erred in computing the correct amounts of excess profits tax for the said years "without the benefit of section 722."   It is stated in the prior paragraph of the petition, however, that the taxes in controversy "are excess profits taxes for the fiscal year ended October 31, 1943 in the amount of $2,025.00; and for the fiscal year ended October 31, 1944 in the amount of $15,675.47."

The respondent has moved to dismiss the proceeding in so far as it relates to the deficiency in excess profits tax for the fiscal year ended October 31, 1943, because of failure on the part of the petitioner to allege error in his determination of deficiency, exclusive of any applicability of section 722, and therefore the failure properly to prosecute the proceeding in so far as it relates to determination of the deficiency. Payment of the deficiency in excess profits tax for the fiscal year ended October 31, 1944, has been deferred under the provisions of section 710 (a) (5), and is not covered by the motion.

The petitioner is an Ohio corporation, with its principal place of business in Cincinnati, Ohio.   It filed timely corporation excess profits

tax returns for the taxable years with the collector of internal revenue for the first district of Ohio. The excess profits tax shown on the excess profits tax return for the year ended October 31, 1943, was $15,377.97, which tax has been assessed and paid. The deficiency notice was mailed under date of May 1, 1946, and in that same notice the respondent advised petitioner that he had denied its claim for relief under section 722.

Section 722 of the Internal Revenue Code is a relief provision and in certain situations covered therein provides for an adjustment downward of the tax computed without the benefit of the relief therein provided. At the very outset a taxpayer must establish that the excess profits tax computed without the benefit of section 722 "results in an excessive and discriminatory tax." In other words, the tax imposed under "Subchapter E—Excess Profits Tax" of the Internal Revenue Code is the starting point for consideration of the applicability of section 722. Section 722 (d) provides that, except as provided in section 710 (a) (5), "the taxpayer shall compute its tax, file its return and pay the tax shown on its return under this subchapter without the application of this section." It is thus apparent that the computation of the tax under subchapter E without the benefit of section 722 is a computation wholly separate and apart from anything contained in section 722, and section 722 comes into play only where the tax so computed is shown to be excessive and discriminatory. When that is done, relief from a part or possibly all of the tax computed without the benefit of section 722 may be afforded under the circumstances prescribed by section 722. The tax computed under subchapter E, therefore, is the outside or maximum amount of tax that may be collected. The only exception permitting nonpayment of the excess profits tax so computed is that prescribed in section 710 (a) (5), and there is no claim that the excess profits tax for 1943 falls under that section.

The petitioner here makes no claim that the tax imposed by subchapter E of the Internal Revenue Code and computed thereunder without the benefit of section 722 does not include the deficiency of $2,025 covered by the motion to dismiss here under consideration.

It has already been decided that this Court has no jurisdiction to consider and determine a claim for relief under section 722 in a proceeding based entirely upon a notice of deficiency, the Commissioner never having rejected by a proper notice a claim for such relief. *Uni-Term Stevedoring Co.*, 3 T. C. 917. It has also been determined that the Tax Court has no jurisdiction over a section 722 issue unless the issue be bottomed upon rejection of a claim for refund falling within the provisions and requisites of section 722 and section 732 of the Internal Revenue Code. *American Coast Line, Inc.*, 6 T. C. 67; affd., 159 Fed. (2d) 665. In that case it was argued that, since the jurisdic-

tion of this Court at the time the petition was filed was properly invoked by a pleading for section 722 relief in a proceeding involving the determination of a deficiency and rejection of a claim was not required, the Court's jurisdiction was not thereafter ousted by the subsequent amendment of the Internal Revenue Code basing the Court's jurisdiction in 722 cases solely upon the disallowance of claims for refund. That argument was determined not to be well founded. In the opinion in that case, we said: "Prerequisites to such jurisdiction are computation and payment of the excess profits tax without reference to section 722, the filing of a claim for refund of that tax, in accordance with section 322, and a proper notice of the rejection in whole or in part of that claim. The petitioner has never paid any excess profits tax for the year here in question. It has never filed any claim for refund of excess profits taxes paid for the year, and it has never been notified by the Commissioner of his denial in whole or in part of any claim for refund of excess profits taxes for that year. Thus, the Tax Court, under the law as it now exists, does not have jurisdiction to consider the question of whether or not the petitioner is entitled to relief under section 722." It is argued here that *American Coast Line, Inc., supra*, is not in point, in that in this case some excess profits tax has been paid and a claim for refund has been filed and rejected. In addition to that distinction, this difference may also be noted. In *American Coast Line* the petitioner undertook to raise an issue as to the applicability of section 722 in a proceeding involving only the determination of a deficiency in tax computed under subchapter E without the benefit of section 722. In the instant case the petitioner, in effect, seeks to withhold decision on a deficiency computed properly under subchapter E without the benefit of section 722 in a proceeding which only raises error as to the applicability of section 722. While the differences stated do exist between the instant case and *American Coast Line*, they support rather than refute the proposition that Congress did not intend that the determination and collection of the tax imposed by subchapter E without the benefit of section 722 should be postponed pending determination of the applicability of section 722. The general scheme, as we have pointed out in the cases cited, is that the taxpayer must show that the tax computed without benefit of section 722 is excessive and discriminatory and that the applicability of section 722 is to be raised only in conjunction with a claim for refund. Also, we have noted that the only effect, if any, resulting from the application of section 722 is a reduction of the tax imposed by subchapter E and computed without the benefit of section 722. It seems apparent, therefore, that, unless through a petition properly filed a taxpayer raises some error on the part of the

respondent in computing a deficiency under subchapter E without the benefit of section 722, there is no proper ground or basis for denying the respondent the right to assess and collect the deficiency which should have been reported and paid by the taxpayer on its return, merely because the taxpayer does have pending a petition properly invoking the applicability of section 722. See and compare *Pohatcong Hosiery Mills, Inc.* v. *Commissioner*, 162 Fed. (2d) 146, wherein the court said that the general procedure for obtaining relief under section 722 "required the taxpayer not merely to compute its tax and file its return, but also *to pay its tax* under the subchapter without the application of Section 722, except, of course, as provided in Section 710 (a) (5)." The petitioner makes no claim that the respondent erred in computing the deficiency herein and raises no issue with respect thereto, exclusive of any possible benefit under section 722. It is our conclusion, therefore, that the respondent's motion is well taken and that the proceeding should be dismissed in so far as it relates to the deficiency for the fiscal year ended October 31, 1943.

Discussion of the question here probably should not be concluded without taking note of the argument that, since the Court has jurisdiction under section 732 to determine a deficiency in a proceeding based on the disallowance of a claim for refund under section 722, this proceeding should not be dismissed in so far as it relates to the deficiency already determined by the respondent. Briefly, section 732 provides that the disallowance of a claim for refund involving the applicability of section 722 shall be deemed to be a notice of deficiency for all purposes relating to the assessment and collection of the tax or the refund or credit of overpayment and, further, that, if the Court finds that there is no overpayment with respect to any taxable year for which the claim has been disallowed but finds there is a deficiency for such year, it shall have jurisdiction to determine the amount of such deficiency. The simple answer that here no deficiency in tax has been put in issue by either party would seem to be sufficient. While we do have jurisdiction, the petitioner does not raise any issue as to the respondent's determination of deficiency and the respondent raises no issue asking for an increased deficiency. The only issue raised is for a refund under section 722, and under the Court's Rules of Practice and requirements for orderly procedure, the Court does not hear and decide issues not raised. By proper order the proceeding herein will be dismissed in so far as it relates to the deficiency in excess profits tax for the fiscal year ended October 31, 1943.

Reviewed by the Court.

*The Court's order will be entered in accordance herewith.*