SOMMERFELD MACHINE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16040. Promulgated July 28, 1948.

*R. J. Cleary, Esq.,* for the petitioner.
*R. C. Whitley, Esq.,* for the respondent.

#### OPINION.

TURNER, *Judge*: The respondent determined deficiencies in excess profits tax of $34,333.63, $78,922.56, $73,466.43, and $24,614.14 against petitioner for its taxable years ended December 31, 1941, 1942, 1943, and 1944.

The only question now submitted is whether in this proceeding the Court has jurisdiction to consider the applicability of section 721 of the Internal Revenue Code.

Petitioner is a Pennsylvania corporation, with its principal place of business in Braddock, Pennsylvania. It filed the returns for the years involved with the collector of internal revenue for the twenty-third district of Pennsylvania.

One of the errors alleged by petitioner is stated in the petition as follows:

The Respondent erred in determining the Excess Profits Tax Liability of Petitioner for each of the years 1941, 1942 and 1943 in failing to take into consideration that Petitioner had abnormalities in its income in each of said years under Section 721 of the Internal Revenue Code and that in the years 1941, 1942 and 1943 it had net abnormal income of the class described in Section 721 (a) (2) (C) of the Internal Revenue Code of $119,830.19, $192,259.92 and $19,-110.59, respectively. Petitioner avers that its Excess Profits Tax Liability for each of the years 1941, 1942 and 1943 should be computed by taking into consideration such net abnormal income as provided by Section 721 of the Internal Revenue Code.

In his answer, respondent denied that he erred in failing to apply section 721 (a) (2) (C) in making his determination of the deficiencies herein. He also filed a motion to dismiss the proceeding in so far as it

relates to the applicability of section 721 of the code for the taxable years 1941, 1942, and 1943 for lack of jurisdiction.

The basis of the motion is that petitioner has not filed with the Commissioner of Internal Revenue a claim for refund of excess profits tax relating to the applicability of section 721 for the taxable years 1941, 1942, and 1943 as provided in section 732 (a) of the code and that the Commissioner has not sent petitioner a notice of disallowance relating to the applicability of the said section for such taxable years, as provided in section 732 (a).

Petitioner's counsel, in his memorandum in opposition to the motion, states that on June 12, 1946, petitioner filed with respondent's internal revenue agent in charge at Pittsburgh, Pennsylvania, its claim seeking application of section 721 for the aforesaid taxable years; that the claim was filed in petitioner's protest against the excess profits tax deficiencies proposed by the revenue agent against petitioner, and in conference with the revenue agent on such protest, there were submitted to him detailed computations of petitioner's abnormal net income for the years 1941 to 1943; that in the notice of deficiency the respondent, after setting forth the deficiencies of excess profits tax determined for the years 1941, 1942, and 1943, also stated: "In making this determination of your * * * excess profits tax liability, careful consideration has been given to the reports of examination dated February 6, 1946, and February 6, 1947; to your protest dated June 12, 1946; and to the statements made at the conferences held on September 9, 1946 and May 22, 1947." Petitioner's counsel contends that the notice of deficiency does not show petitioner's excess profits tax for 1941, 1942, and 1943, as computed under section 721; that in issuing the deficiency notice respondent stated he had given "careful consideration * * * to your protest dated June 12, 1946" and to the statement made at the conferences thereupon, and must thereby have passed upon petitioner's claim for relief under section 721 and rejected the claim; that under section 729 petitioner had the right to seek relief under section 721 at any stage of its proceeding before the respondent respecting its excess profits tax liability; that there has been a full compliance with the requirements of section 732 (a) by both parties to the proceeding; and that the issue raised and joined by the petition and answer respecting relief under section 721 is properly before the Court for its consideration and decision.

This Court has not acted directly on the issue raised. The answer to our problem depends upon the interpretation given to section 732 (a) as it relates to section 721. Under section 732 (a)[1] the taxpayer

[1] (a) PETITION TO THE BOARD.—If a claim for refund of tax under this subchapter for any taxable year is disallowed in whole or in part by the Commissioner, and the disallowance relates to the application of section 711 (b) (1) (H), (I), (J), or (K), section 721, or section 722, relating to abnormalities, the Commissioner shall send notice of such dis-

has a right to have this Court review the Commissioner's disallowance of a claim for refund relating to the applicability of section 711 (b) (1) (H), (I), (J) or (K), section 721, and section 722, relating to abnormalities.

The Court has rendered several decisions with respect to its jurisdiction in passing on issues relating to taxpayer's relief under section 722 and it appears to be well settled that for the taxpayer to obtain such relief he must first compute his tax, file his return and pay the tax without the application of section 722, except as provided in section 710 (d) (5), and in order to take advantage of section 732 (a) he must show a rejection of his claim and a receipt of notice of such rejection mailed to him by registered mail by the Commissioner. See *Uni-Term Stevedoring Co.*, 3 T. C. 917; *Pioneer Parachute Co.*, 4 T. C. 27; *Pohatcong Hoisiery Mills, Inc.* v. *Commissioner*, 162 Fed. (2d) 146; *American Coast Line Co.*, 6 T. C. 67; *Blum Folding Paper Box Co.*, 4 T. C. 795; and *Ideal Packing Co.*, 9 T. C. 346.

Section 722 (d) specifically provides that:

> The taxpayer shall compute its tax, file its return, and pay the tax shown on its return under this subchapter without the application of this section * * *. The benefits of this section shall not be allowed unless the taxpayer within the period of time prescribed by section 322 * * * makes application therefor * * *.

There are no similar requirements in section 711 (b) (1) (H), (I), (J), or (K) or in section 721 for the taxpayer to meet in order to obtain relief provided for in those sections.

We held in *E. B. Whiting Co.*, 10 T. C. 102, that the rejection of a claim for refund is not prerequisite to the jurisdiction of this Court to consider the applicability of section 711 (b) (1) (J) when put in issue by the pleadings. There the proceeding was based upon a determination of deficiencies in excess profits tax for the years 1942 and 1943 and no claim had been made by the petitioner in its return for relief under the provisions of section 711. However, as in the instant case, in a written protest submitted by the petitioner against the findings of a revenue agent, the taxpayer contended that certain losses deducted for base period years were abnormal under section 711 (b) (1) (J). In that case, though the Commissioner attached to the deficiency notice mailed to the taxpayer a statement which, in effect, showed that the Commissioner had considered the taxpayer's contentions, he disallowed the deductions for the reason that the taxpayer had failed to establish his right within the meaning of section 711 (b) (1)

allowance to the taxpayer by registered mail. Within ninety days after such notice is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the ninetieth day) the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the tax under this subchapter. If such petition is so filed, such notice of disallowance shall be deemed to be a notice of deficiency for all purposes relating to the assessment and collection of taxes or the refund or credit of overpayment.

(J). In his answer to the amended petition, respondent affirmatively alleged that the petitioner had failed to comply with the provisions of section 35.711 (b)-2 (*a*) and (*b*) of Regulations 112, relating in general to classification of deductions under section 711 (b) (1) (H), (I), and (J), requiring, among other things, the filing of a statement in support of a claim for disallowance of deductions under one or more of such subparagraphs. Respondent, on brief, not only contended that there was no compliance with the regulations, but that no refund claim was ever filed claiming the benefits of section 711, and accordingly none was ever disallowed. In our opinion we stated:

While the respondent did not question our jurisdiction in any of his pleadings, the nature of his argument suggests that the filing and rejection of a claim for refund must have occurred to give this Court jurisdiction. We can not agree. A deficiency was determined and question arises under section 711 (b) (1) (J). Neither section 732 nor any other requires denial of a claim for refund as a prerequisite to our jurisdiction. The requirements as to section 722 do not apply as to section 711 (b) (1) (J). They were present in the law from 1940 and prior to the later amendments as to payment and refund claim under section 722. Section 729, from and after 1940, applied to the subchapter on excess profits taxes all provisions of law applicable to taxes imposed by chapter 1 of the code, and, therefore, applied the provision as to appeal from a determination of a deficiency involving section 711 (b) (1) (J). We conclude that we have jurisdiction.

The purpose of section 732 (a) was to enable a taxpayer to institute a proceeding in this Court upon the disallowance by the Commissioner of a claim for refund under section 711 (b) (1) (H), (I), (J), and (K), section 721, and section 722, where no deficiency had been determined. The committee reports with respect to section 732 (a) state:

Under existing law, unless a deficiency has been determined by the Commissioner, a taxpayer has no right of appeal to the Board (sec. 272 (a) (1), I. R. C.). Thus, for example, if a refund claim were filed by a taxpayer and the Commissioner disallowed the claim in whole or in part but did not determine deficiency, no right of review of the Commissioner's action by the Board would be present. Inasmuch as the taxpayer's right to relief under certain of the relief provisions provided in this bill may only be raised by a claim for refund, it is necessary that a procedure be provided whereby the Board may obtain jurisdiction to review a decision by the Commissioner disallowing such claims. * * * [Ways and Means Committee, H. Rept. No. 146, and Senate Finance Committee, S. Rept. No. 75, 77th Cong., 1st sess.]

It is apparent that the distinction we have found to exist between section 711 (b) (1) (J) and section 722 relative to petitioner's claim for relief under those sections also exists between section 721 and section 722. Under both section 711 (b) (1) (H), (I), (J), and (K) and section 721, a taxpayer may claim the benefits of those sections in its return, a privilege not permitted by section 722. It necessarily follows in our opinion that matter which may properly enter into the computation of the tax in the making of the return may properly enter into the determination of a deficiency, and a general principle

long and well established, with respect to proceedings in this Court based upon the determination of a deficiency, is that the taxpayer must be permitted to raise by proper pleading and have decided any issue relating to his tax liability which may be necessary to a correct determination of the deficiency, without regard to whether the particular matter was covered by his return or had previously been presented to the Commissioner. *Gutterman Strauss Co.*, 1 B. T. A. 243; *E. J. Barry*, 1 B. T. A. 156; and *International Banding Machine Co.*, 37 Fed. (2d) 660. By section 729 (a) of the excess profits tax subchapter, it is provided that all provisions of law applicable in respect of taxes imposed by chapter 1 shall be applicable under the excess profits tax subchapter in so far as not inconsistent therewith. From what we have just said above, it seems to us apparent that there is no inconsistency with the provisions of section 732 (a) in permitting a petitioner to raise and have decided in a deficiency proceeding the question of applicability of the provisions of section 721. Obviously, the situation is not the same as it would be if the question were the applicability of section 722, where such question may be raised only under a claim for refund and upon the basis of an excess profits tax computed and paid without regard to the applicability of the provisions of section 722. The petitioner having properly raised an issue under section 721 in its petition herein, this Court has jurisdiction to hear and determine that issue. An order denying respondent's motion will be entered accordingly.

*The motion to dismiss is denied.*