opinion. Leech, Judge: The primary question presented is whether the second statutory notices issued on August 14,1947, of the determinations of a proposed deficiency in income tax and a transferee liability for the same taxable period, January 1 to June 30, 1941, against the respective petitioners and relating to the same tax liability disposed of in the prior proceedings, are valid notices. Petitioners contend that the mailing of the second notices was not within the prescribed period of limitations. The facts are not in dispute. On May 24, 1946, and within the period in which the parties had consented to the assessment and collection of income and excess profits taxes, the respondent mailed to the New Jersey corperation a statutory notice of his determinations of deficiencies in income, declared value excess profits and excess profits taxes for the period January 1 to June 30, 1911, in the respective amounts of $285.39, $7.82 and $3,890.40. A similar notice of liability for these taxes was mailed to the Delaware corporation as transferee. The latter corporation concedes its liability for any deficiencies determined against the New Jersey corporation. Each petitioner, within 90 days of the receipt of such letter, filed a petition with this Court. These proceedings are Docket Nos. 11544 and 11545. Answers were duly filed by the respondent, joining issue. When these proceedings came on for hearing on the merits, on April 21, 1947, the respondent moved to dismiss the respective petitions in so far as they related to income tax deficiencies, upon the ground that the petitions raised no issues as to liability for income tax. These motions were granted on April 21,1947. On April 25,1947, when the proceedings came on for further hearing on the merits, the respondent conceded that there was no deficiency in excess profits tax for the taxable period involved. Petitioners ■introduced evidence bearing on the claim of overpayment of excess profits tax. On October 4, 1946, the deficiency in income tax in the amount of $285.39 was assessed. Decisions of no deficiency in excess profits tax were entered on December 16, 1947, and January 8, 1948, in Docket Nos. 11544 and 11545, respectively. On August 14,1947, while the prior proceedings were still pending, the respondent mailed new statutory notices to the same petitioners of his determination of a second and additional deficiency in income tax in the amount of $1,178.91, for the identical taxable period, January 1 to J une 30,1941, covered by the prior determinations. Petitions were duly filed with this Court contesting the proposed deficiency and liability on the ground hereinbefore set forth. Had the petitioners, in the prior proceedings, contested the determination of the deficiency in income tax of which they were notified in the original notices of May 24,1946, we think it clear that respondent’s later determination of an additional deficiency relating to the same income tax liability would be barred by section 272 (f), Internal Revenue Code. Agnes McCue, 1 T. C. 986; American Foundation Co., 2 T. C. 502. However, the petitions contesting the first determination did not assign error in respect to the income tax deficiency in the amount of $285.39. The filing of a petition for redetermination of the deficiency in excess profits tax did not bring into operation the provisions of section 272 (f), supra, with respect to the deficiency in income tax. We have held that the determination in regard to income tax and the determination in regard to excess profits tax are separate in so far as our jurisdiction is concerned. Will County Title Co., 38 B. T. A. 1396; Hobbs-Western Co., 43 B. T. A. 5; Pioneer Parachute Co., 4 T. C. 27. The respondent contends that since no petition was filed contesting his determination of a deficiency in income tax, he was within his rights in issuing a further notice of deficiency with respect to income tax relating to the same tax period. Gilbert B. Goff, 18 B. T. A. 283; Wilburn Smith, 18 B. T. A. 289; Lewis E. Smoot, 25 B. T. A. 1038. Undoubtedly the respondent may issue as many notices of deficiency covering the same tax for the same tax period as he may desire, within the statutory period prescribed by section 275 (a), supra, and within the further period within which the parties consented in writing as provided in section 276 (b), supra. The period of limitation in the present case was extended pursuant to the latter section in the case of the New Jersey corporation to June 30, 1946. and to June 30, 1947, in the case of the Delaware corporation as transferee. But the second notices of deficiency in income tax and liability as transferee, contested in the instant proceedings, were issued on August 14, 1947, 45 days after the expiration of the last period provided in the written agreements of the parties executed pursuant to section 276 (b), supra. We hold that the second statutory notices determining additional income tax deficiency and liability as transferee for the same taxable period, January 1 to June 30, 1941, sent to the same addresses, were not timely. So holding, the other issues become moot. In Docket No. 16454 decision will be entered of no deficiency. In Docket No. 16455 decision will be entered of no transferee liability.