TECUMSEH COAL CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30746.    Promulgated October 10, 1951.

*F. Cleveland Hedrick, Jr., Esq.*, for the petitioner.
*Joseph L. Spillman, Jr., Esq.*, for the respondent.

OPINION.

KERN, *Judge:* This proceeding is here on a motion by respondent to dismiss for lack of proper prosecution, in so far as it relates to deficiencies in income tax for 1942, 1943, and 1944, in the aggregate amount of $171,213.76. The motion also asks the Court to enter an order finding deficiencies in income tax in the amounts determined by respondent.

The notice of deficiency and partial disallowance of section 722 relief, dated June 30, 1950, determined income tax deficiencies, as above set forth, in the aggregate amount of $171,213.76, and further determined

that petitioner was entitled to some relief under section 722 of the Internal Revenue Code, but not in the full amount claimed. Petitioner's excess profits tax for the years in question was determined to be as follows:

| Year | Liability | Assessed | Deficiency | Overassessment |
|------|-----------|----------|------------|----------------|
| 1942 | $418,585.99 | $428,112.28 | | $9,526.29 |
| 1943 | 315,198.72 | 301,582.42 | $13,616.30 | |
| 1944 | 116,331.34 | 143,885.31 | | 27,553.97 |
| Totals | 850,116.05 | 873,580.01 | 13,616.30 | 37,080.26 |

The deficiency of $13,616.30 in excess profits tax for 1943 results from the fact that petitioner deferred payment of part of the excess profits tax under section 710 (a) (5) pending final determination of the section 722 claim.

Neither the petition nor the "amendment to petition" contains any assignment of error or supporting allegations of fact with respect to the deficiencies in income tax as such. Petitioner, on brief, concedes that "there are no 'standard issues' in the case whatsoever." The "amendment to petition" contains the following:

The deficiencies in income tax asserted for the years 1942, 1943 and 1944 in the statutory notice of deficiency should not be assessed prior to a final determination of the issue relating to the constructive average base period net income under Section 722 (b)(4) and (5), of the Internal Revenue Code inasmuch as the deficiencies in question result entirely from the partial allowances, made by the Commissioner in the statutory notice of deficiency, of petitioner's application for relief and claims for refund filed under section 722 and covering the years 1942, 1943 and 1944.

      *       *       *       *       *       *       *

The income tax deficiencies involved in this cause result entirely from the partial allowances made by the Commissioner of petitioner's applications for relief and claims for refund filed under section 722. This is due to the method of computation of income taxes for the calendar years 1942, 1943 and 1944 prescribed in the Internal Revenue Code. Briefly, and insofar as pertinent hereto, the normal tax and surtax are computed by applying the normal tax and surtax rates to the excess of the amount of net income (i. e., gross income less deductions) over the amount of the credit for income subject to excess profits tax (i. e., the adjusted excess profits net income). The increase in the amount of income subject to normal tax and surtax each year in this cause arises solely from the decrease, made by the Commissioner, in the amount of the credit for income subject to excess profits tax. The extent of such decrease is measured by the sum of (a) the increase in the amount of excess profits credit, recommended by the Commissioner, and (b) a related elimination of an addition for 50% of interest on borrowed capital in the computation of excess profits net income. The latter elimination was required automatically in view of the allowance by the Commissioner of an excess profits credit based on a constructive average base period net income in lieu of the excess profits credit based on invested capital used in petitioner's excess profits tax return for each year. The adjustments made by the Commissioner for the so-called standard issues result

in changes in excess profits taxes only and do not affect the amounts of incomes subject to normal tax and surtax since any adjustment to net income is offset by a change of like amounts in the credit for income subject to excess profits tax. There would not be any deficiencies in income tax for the years 1942, 1943 and 1944 computed on any basis without reflecting the benefits of section 722. The amounts of the deficiencies in income taxes for such years are dependent completely on the final determination of the issue under section 722 of the Code. Therefore, the final determination of such deficiencies for such years should be made only in conjunction with the determination under section 722.

As the case is thus postured, we are confronted with the situation of a petitioner admitting that there is no "standard issue" tax question arising from the income tax deficiency, and admitting that at least the amount of income tax determined by respondent is due, but contending that, upon favorable disposition of the litigated claim for section 722 relief, although there would be a further income tax deficiency, there would necessarily be an excess profits refund sufficiently large to offset all such income tax deficiencies, and it would therefore be inequitable to permit respondent now to collect the present deficiency in income tax.

We believe that the issue presented by respondent's motion must be resolved in favor of respondent under the rationale of *Uni-Term Stevedoring Co.*, 3 T. C. 917, and *Ideal Packing Co.*, 9 T. C. 346. See *Mutual Lumber Co.*, 16 T. C. 370.

In *Uni-Term Stevedoring Co., supra*, we said at p. 920:

Furthermore, no good purpose could be served by retaining jurisdiction in this proceeding pending the action of the Commissioner on the claim for relief under 722.[6]

In *Ideal Packing Co., supra*, respondent mailed the taxpayer combined notices of deficiency in excess profits tax, and of disallowance of a claim for refund under section 722. The petition there filed presented as its only claim of error the respondent's determination that petitioner had not established its right to relief under section 722. There was no claim that the respondent erred in computing the correct amount of excess profits tax for the years in question "without the

---

[6] The suggestion that jurisdiction be retained is vicious so far as prompt collection of the revenues is concerned. The inference would be that in the case of all taxpayers proceedings would have to remain pending before this Court until final action were taken in regard to claims for relief under 722.

It has been suggested that the Commissioner can not afford to allow the income tax case of a taxpayer seeking relief under section 722 to be closed because if any relief were granted it would automatically decrease the credit for adjusted excess profits net income for income taxes allowed by section 26 (e). One sufficient answer to this suggestion is that no income tax liability is involved in the present proceeding and we can not keep that liability open. Furthermore, our attention has not been called to any provision of the law which expressly states that the granting of relief under section 722 shall have any effect upon the income tax credit for adjusted excess profits net income. See, *contra*, Regulations 111, sec. 29.26–4, at p. 219. See also sec. 722 (g), as added by sec. 206, Revenue Act of 1943. Finally, there may be no need to keep the income tax liability open in any case to protect the Commissioner because, if the granting of relief under section 722 does have the effect of decreasing the credit for income tax purposes, then under section 3807, I. R. C., as added by section 513 of the Revenue Act of 1943, apparently he can collect the additional tax due. See also Conference Report No. 1079, 78th Cong., 2d Sess., p. 72, et seq.

benefit of section 722." Respondent's motion to dismiss for failure to prosecute, in so far as it related to the deficiency, was granted. We said:

* * * The general scheme, as we have pointed out in the cases cited, is that the taxpayer must show that the tax computed without benefit of section 722 is excessive and discriminatory and that the applicability of section 722 is to be raised only in conjunction with a claim for refund. Also, we have noted that the only effect, if any, resulting from the application of section 722 is a reduction of the tax imposed by subchapter E and computed without the benefit of section 722. It seems apparent, therefore, that, unless through a petition properly filed a txpayer raises some error on the part of the respondent in computing a deficiency under subchapter E without the benefit of section 722, there is no proper ground or basis for denying the respondent the right to assess and collect the deficiency which should have been reported and paid by the taxpayer on its return, merely because the taxpayer does have pending a petition properly invoking the applicability of section 722. See and compare *Pohatcong Hosiery Mills, Inc.* v. *Commissioner*, 162 Fed. (2d) 146, wherein the court said that the general procedure for obtaining relief under section 722 "required the taxpayer not merely to compute its tax and file its return, but also *to pay its tax* under the subchapter without the application of section 722, except, of course, as provided in section 710 (a) (5)." The petitioner makes no claim that the respondent erred in computing the deficiency herein and raises no issue with respect thereto, exclusive of any possible benefit under section 722. It is our conclusion, therefore, that the respondent's motion is well taken and that the proceeding should be dismissed in so far as it relates to the deficiency for the fiscal year ended October 31, 1943.

Petitioner seeks to distinguish *Ideal Packing Co.* on the ground that in that case there had been a total disallowance of the taxpayer's claim for relief under section 722, and that the petition there had as its only claim of error respondent's disallowance of the section 722 claim. The distinction appears to us to be a distinction without a difference. Petitioner's allegations of error clearly do not allege error in regard to the income tax deficiencies as such, and, as *Ideal Packing Co.* holds, there is no proper ground for denying respondent his right to assess and collect these deficiencies merely because petitioner has pending a petition properly invoking the applicability of section 722.

We believe from the foregoing that if we were to rule for petitioner in the present cause, we would be doing violence to our previous decisions.

Petitioner refers us to *Hadley Furniture Co.* v. *U. S.* (D. Mass.), 87 F. Supp. 590, but, as set out in its opinion, the function of the Federal District Court is an equitable one in the nature of a setoff against money had and received, and is entirely different from our function under our statutes. Cf. *Stone* v. *White*, 301 U. S. 532.

By proper order, the proceeding herein will be dismissed in so far as it relates to the deficiencies in income tax for 1942, 1943, and 1944, and said deficiencies will be found to be as determined by respondent.

Reviewed by the Court.

OPPER, *J.*, dissenting: On the theory on which this proceeding is being dismissed, a taxpayer could be bankrupted by a sufficiently successful application for relief under section 722. It is conceded that the deficiencies in income tax result solely from respondent's partial allowance, already made administratively, of petitioner's 722 claim. The refund due thereon will, however, not be paid to petitioner because it has the temerity to contest the disallowance of the balance. If it were willing to settle for what respondent has already allowed it, it would not be required to make any payment of taxes, since the 722 allowance will more than offset the income tax deficiency. The two are inextricably interconnected and should be disposed of together, either administratively or after litigation, so that a taxpayer will not be required to make a payment he does not owe, and then have to wait until the termination of a possibly protracted lawsuit before he gets back what belonged to him in the first place.

There is nothing in the statute or in our rules to prevent this. The present proceeding is not being dismissed for lack of jurisdiction. If such a position were possible, it might be said that the Tax Court is helpless to avoid it. Cf. *American Coast Line, Inc.*, 6 T. C. 67, affd. (C. A. 2) 159 F. 2d 665; *Mutual Lumber Co.*, 16 T. C. 370. But this dismissal is for lack of prosecution, and the lack of prosecution is based on the assumption that no issue exists with respect to the income tax deficiencies. There is at least a question as to the proper amount of this item and if, as I think, the course of justice requires that we retain the proceeding until both types of liability are finally determined, there is no reason why we could not do so.

In spite of intimations to the contrary, this is not at all like a situation where the entire 722 claim is hanging in the balance, for at least two reasons. First, the partial administrative allowance of the 722 claim assures this petitioner that some payment—in fact one sufficient to discharge any income tax liability—will eventually occur. Second, the only reason it can be said, if at all, that there are no standard issues here is that the income tax deficiencies result solely from that same partial allowance of the 722 claim. Failure to dismiss this proceeding would hence create no authority whatever for the retention of jurisdiction in any other situation.

The suggestion that the equities are on the side of respondent and that a contrary conclusion would interfere with tax collections seems to me wide of the mark. Respondent is seeking to collect a tax which is admittedly due though the amount is uncertain, while refusing to make payment of a greater amount which is also admittedly due. On balance, the taxpayer is the creditor, not the debtor. Protecting it from the collection of something which will later inevitably require reimbursement to it seems to be a highly just and equitable procedure.