GREEN SPRING DAIRY, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 7871, 22807. Promulgated August 28, 1952.

*Hugh C. Bickford, Esq.,* and *Morton P. Fisher, Esq.,* for the petitioner.

*Arthur Mindling, Esq.,* for the respondent.

#### SUPPLEMENTAL OPINION.

RAUM, *Judge:* Pursuant to the opinion previously rendered herein (18 T. C. 217), decisions have been entered to the effect that petitioner is not entitled to relief under section 722 of the Internal Revenue Code. Respondent has filed motions that the decisions be modified, by adding that there are deficiencies in excess profits taxes for the years 1940–1945, inclusive, in the amounts of $1,342.60, $3,863.98, $10,145.37, $7,002.55, $39,515.99, and $2,145.67, respectively. These amounts were determined as deficiencies by the Commissioner, and notices of such deficiencies were included in the same 90-day letters that advised petitioner of the denial of relief under section 722 for those years. Each letter explicitly stated that the notice of the deficiencies and the disallowance of claims for refund under section

722 was being given "in accordance with the provisions of Sections 272 and 732 of the Internal Revenue Code."

The petition for review in No. 7871 deals with the years 1940 and 1941, and asserts that the amounts of taxes in controversy are $3,409.03 for 1940 and $29,854.64 for 1941. These are the identical amounts determined by respondent to be petitioner's correct excess profits tax liabilities in the 90-day letter applicable to those years. Similarly, the petition for review in No. 22807, dealing with the years 1942–1945, alleges that "The taxes in controversy are profits taxes for the calendar years 1942, 1943, 1944 and 1945 in the amount of fifty-eight thousand, eight hundred and nine dollars and fifty-eight cents ($58,-809.58)." That amount is precisely the sum of all the deficiencies for those years determined by the Commissioner in the statutory notice applicable to those years.

Each petition prayed, *inter alia*, that the Court determine that no deficiency is due from petitioner for the years involved. However, no facts are set forth and no assignments of error are alleged in either petition in relation to the deficiencies, and counsel informed the Court at the beginning of the trial that the issues relating to the deficiencies "are not before the Court." No evidence was submitted with respect to such issues.

Petitioner opposes the motions to modify the decisions, urging that the Court had no jurisdiction over those issues. It contends, in general, that it filed its petitions only under section 732 (relating to excess profits relief) and not under section 272 (relating to the deficiencies). However, neither petition in fact referred either to section 732 or to section 272, and, as noted above, both petitions in fact contained allegations placing the deficiencies in issue, although not setting forth any facts or detailing any assignments of error with respect thereto.

Contrary to petitioner's contention, the Court does have jurisdiction of the asserted deficiencies, as was made clear in *Ideal Packing Co.*, 9 T. C. 346, 349. And pursuant to the decision in the *Ideal Packing Co.* case, respondent could have moved, before trial, for dismissal of the proceeding in relation to the deficiencies for failure to prosecute, with the consequence that orders would have been entered at that time, finding deficiencies as determined by respondent, just as was done in the *Ideal Packing Co.* case. Cf. *Tecumseh Coal Corporation*, 17 T. C. 636, 639. Respondent's failure so to move did not deprive the Court of jurisdiction, and his present motions merely seek, after decision of the section 722 issue, what he could have had prior to trial. We know of no reason why the decisions heretofore entered in this case should not be modified so as to find the deficiencies determined by respondent.

Somewhat different facts are involved here with respect to the year 1944, but the same result is required. As to the $39,515.99 deficiency determined for 1944, $35,716.92 thereof was attributable to the amount deferred under section 710 (a) (5). Plainly, a judgment of deficiency including that amount could not have been entered prior to the decision of the section 722 issue. *California Vegetable Concentrates, Inc.*, 10 T. C. 1158. Indeed, the distinction was recognized by the respondent himself in the *Ideal Packing Co.* case, for the motion there before the Court carefully avoided making any similar request with respect to an asserted deficiency which pertained to a different year also before the Court and which was based upon a section 710 (a) (5) deferment.

But although a judgment of deficiency, including the $35,716.92 deferment, could not have been entered at the outset for the year 1944, the Court nevertheless had jurisdiction over that item, as petitioner herein recognizes; and the disability which hitherto prevented the entry of a judgment in respect thereof is no longer present. That disability was the pendency of the section 722 issue. But that issue has already been adjudicated by our decision, and the posture of the litigation now is such that judgment may be entered for the full deficiency for 1944. Cf. *Tribune Publishing Co.*, 17 T. C. 1228, 1236–1237.

Orders will be entered modifying the decisions so as to provide for the deficiencies determined by respondent.