MUTUAL LUMBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6128. Promulgated February 19, 1951.

*Carl E. Davidson, Esq.*, for the petitioner.
*J. H. Pigg, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner notified the petitioner that he had disallowed its application for relief under section 722 for 1941 in the amount of $69,675.35. The only error assigned in the petition is the disallowance of the petitioner's claim for refund of $69,675.35 of excess profits taxes for 1941. That "claim" was an application for relief under section 722. It is recognized by the parties that the Court has jurisdiction to consider the question of whether the Commissioner erred in rejecting the application for relief under section 722 and to decide whether or not the petitioner is entitled to any relief under that section.

The parties filed a stipulation at the hearing which contained the following paragraph:

The petitioner is not entitled to any relief under any of the provisions of section 722, I. R. C., and the assignment of error contained in paragraph 4 (a) of the petition in this proceeding is hereby waived by petitioner.

That portion of the stipulation removed from this case the only issue properly before the Court, and it, in such a situation, has but the duty to enter a decision holding that the petitioner is not entitled to any relief under section 722. Such an order will be entered and it will close the case.

Yet the petitioner, by a motion filed at the hearing, asks the Court to enter quite a different decision to the effect that there is an overpayment of excess profits taxes for 1941 in the amount of $858.76 and the refund thereof is not barred by the statute of limitations. The Commissioner first argued that a refund is barred by the statute of limitations but later that this Court has no jurisdiction as to the overassessment. No issue involving any statute of limitations is raised in the petition. The only error relating to excess profits tax alleged in the petition is that based upon the application for relief under section 722 and that one has been waived. Thus, there is no assignment of error to support the decision which the petitioner seeks. Issues are raised by pleadings, not by motions, and the Court has nothing before it for decision such as the motion suggests. Rule 7, Rules of Practice before the Tax Court of the United States; *Dixie Manufacturing Co.*, 1 B. T. A. 641; *Producers Oil Corporation*, 43 B. T. A. 9; *Louis Wellhouse, Jr.*, 3 T. C. 363; *M. C. Parrish & Co.*, 3 T. C. 119, affirmed on other grounds, 147 Fed. (2d) 284.

Furthermore, there is a more fundamental reason why the Court can not enter the proposed decision. It lacks the jurisdiction. The Commissioner, in the same notice in which he rejected the application for relief under section 722, notified the petitioner that he had determined overassessments for 1941 as follows:

| Income tax | \$312. 86 |
|---|---|
| Declared value excess-profits tax | 132. 00 |
| Excess profits tax | 858. 76 |

Certain determinations of the Commissioner give this Court jurisdiction under section 272 (a) (1) to decide whether or not that particular determination was correct and, if incorrect, to "redetermine" a correct amount of deficiency or overpayment in that particular tax. Sections 272 (e) and 322 (d). The Commissioner frequently makes one notice suffice in advising taxpayers of several different and separate determinations. He did that in the notice sent to the petitioner. But we have held, and the law is now well established, that our jurisdiction is not enlarged by that method of notification. *Hobbs Western Co.*, 43 B. T. A. 5; *Citizens Mutual Investment Association*, 46 B. T. A. 48; *Superheater Co.* v. *Commissioner*, 125 Fed. (2d) 514. If the notice upon which a petition is based shows that a deficiency has been determined in income tax and an overassessment has been determined in excess profits tax, our jurisdiction is limited to the income tax liability, since the determination of an overassessment does not give the Tax Court jurisdiction as to excess profits tax liability. The jurisdiction as to the two kinds of tax is separate and each depends upon a determination of a deficiency in that particular kind of tax. *Will County Title Co.*, 38 B. T. A. 1396; *Hobbs Western Co.*, *supra; Difco Laboratories, Inc.*, 10 T. C. 660; *The Emeloid Co.*, 14 T. C. 1295.

The jurisdiction of this Court to consider and decide cases involving the alleged application of section 722 is given in section 732, not in section 272 (a) (1). It is just as separate from that given to decide a case involving the tax imposed under the general excess profits tax provisions of the Code as it is from that given to decide one involving income tax. *Ideal Packing Co.*, 9 T. C. 346. This Court has no jurisdiction to decide the possible application of section 722 where the Commissioner determines a deficiency in excess profits tax but does not advise in the notice of the rejection of an application for relief under section 722. *Uni-Term Stevedoring Co.*, 3 T. C. 917; *Pioneer Parachute Co.*, 4 T. C. 27; *American Coast Line, Inc.* v. *Commissioner*, 159 Fed. (2d) 665, affirming 6 T. C. 67: *Pohatcong Hosiery Mills, Inc.* v. *Commissioner*, 162 Fed. (2d) 146, affirming a Tax Court memorandum opinion. Likewise, it has no jurisdiction to determine the tax liability under the general provisions of Subchapter E where the Commissioner, in one notice, rejects the application for relief under section 722 and determines an overassessment of excess profits tax imposed under the general provisions of Subchapter E. Cf. *Ideal Packing Co.*, *supra.* The scheme of Subchapter E is that the correct tax liability under the general provisions, without the benefit of section

722, must first be fixed before the question of possible relief by refund or credit of a part of that amount can be considered. *Uni-Term Stevedoring Co., supra; Pioneer Parachute Co., supra; Ideal Packing Co., supra.* See section 722 (d). Separate limitation periods apply. Different claims for refund are required. This Court can grant relief in a section 722 case only on grounds properly set forth in the claim filed with the Commissioner. *United States* v. *Felt & Tarrant Mfg. Co.,* 283 U. S. 269; *Real Estate-Land Title & Trust Co.* v. *United States,* 309 U. S. 13; *Pelham Hall Co.* v. *Carney,* 111 Fed. (2d) 944. Cf. *Angelus Milling Co.,* 1 T. C. 1031, affd., 144 Fed. (2d) 469, 325 U. S. 293. No ground for relief under section 722 could be properly set forth in a claim under that provision except one of the grounds for relief set forth in section 722. Thus, no issue arising under the general provisions of Subchapter E could properly be in issue in a case before the Tax Court based upon the denial of a claim for relief under section 722. The relief under section 722 is a refund of a part of the tax computed without reference to section 722. Our jurisdiction based upon that section authorizes the entry of whatever decision is necessary to grant all, a part, or none of the relief sought. The over-assessment here mentioned is in the tax under the general provisions without reference to and before any possible consideration of section 722. Suppose that the Commissioner had sent a notice of deficiency in excess profits tax, the taxpayer had filed a petition in the Tax Court raising all issues which it desired to raise, those issues were decided by the Tax Court, and the decision became final after appeal to the higher courts—is the petitioner, in a second proceeding in the Tax Court based solely upon a later rejection of a claim for relief under section 722, to have another chance to raise issues unrelated to section 722 and not properly set forth in the claim for relief or is the proceeding based upon the rejection of the claim under section 722 limited to the consideration of issues relating to relief under that section which have been properly set forth in the claim? Orderly procedure requires the latter conclusion. The two jurisdictions are separate. *Ideal Packing Company, supra.* The one we have under the notice, the other we have not.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

BLACK, *J.*, dissenting: I agree to that part of the majority opinion which says:

\* \* \* The only error relating to excess profits tax alleged in the petition is that based upon the application for relief under section 722 and that one has been waived. Thus, there is no assignment of error to support the decision which the petitioner seeks. Issues are raised by pleadings, not by motions, and

the Court has nothing before it for decision such as the motion suggests. Rule 7, Rules of Practice before the Tax Court of the United States; [Citing cases.]

Having thus held, it is my view that the opinion should stop there and render a decision supporting the Commissioner in denying relief under section 722. The opinion, however, does not stop there but goes on to hold that where a taxpayer has appealed from a deficiency notice denying his claim for relief under section 722, he cannot raise any other issues than those which relate to the denial of section 722 relief. In the instant case, petitioner has not raised any other issue and why should we decide that no such issue can be raised. In my judgment, it will be soon enough for us to decide that question when we come to it in a case where a taxpayer does undertake to raise such an issue. It is not necessary to decide such an issue now, and being unnecessary, I think it is unwise to do so.

I, therefore, dissent from that part of the opinion which considers the question whether so-called standard issues can be raised in a proceeding based solely on a deficiency notice which denies section 722 relief.

ARUNDELL, HARRON, JOHNSON and RAUM, *JJ.*, agree with this dissent.

OPPER, *J.*, dissenting: Because I believe the conclusion that the Tax Court lacks jurisdiction to make a determination of the conceded overpayment disregards both express statutory direction and obvious legislative intent, I am forced to disagree with the present result. The statute is complicated and requires tracing through several sections; but when this is done, the conclusion that jurisdiction exists seems to me inescapable.

We start with sections 728 and 729, in subchapter E which incorporates the excess profits tax provisions. They establish that "The terms used in this subchapter shall have the same meaning as when used in Chapter 1," the income tax provisions, and that "All provisions of law * * * applicable in respect of the taxes imposed by Chapter 1, shall, insofar as not inconsistent with this subchapter, be applicable in respect of the tax imposed by this subchapter."

Jurisdiction to review denials of claims under section 722 is conferred by section 732. In this case petitioner filed the requisite petition for that purpose. Section 732 then directs "*If such petition is so filed, such notice of disallowance shall be deemed to be a notice of deficiency for all purposes relating to the assessment and collection of taxes or the refund or credit of overpayments.*" (Emphasis added.)

It is evident, of course, that the denial of a claim for refund would not ordinarily conform with the determination of a deficiency under

the income tax chapter as defined in section 271. But that difficulty is removed by the obviously purposeful provision of section 732 just quoted. And when this is so, that is when a deficiency has been determined, the Tax Court is expressly given jurisdiction, again under the income tax provisions, to find "that there is no deficiency and * * * that the taxpayer has made an overpayment of tax" and "to determine the amount of such overpayment." Section 322 (d).

It would thus seem as clear as need be from the plain import of the provisions of section 271, 322, 728, 729, and 732 read together that jurisdiction was expressly conferred to determine the very type of overpayment which this petitioner now claims.

But as if to make the situation even less debatable, there was also enacted section 732 (b) which provides:

(b) DEFICIENCY FOUND BY BOARD IN CASE OF CLAIM.—If the Board finds that there is no overpayment of tax in respect of any taxable year in respect of which the Commissioner has disallowed, in whole or in part, a claim for refund described in subsection (a), and the Board further finds that there is a deficiency for such year, the Board shall have jurisdiction to determine the amount of such deficiency * * *

There can be no reason for the addition of such a provision except to enable the consideration of the so-called "standard" issues arising under other provisions of subchapter E. No deficiency can exist in a section 722 situation since by definition that requires nothing but a claim for refund; and in passing it may be noted that section 710 (a) (5) permitting the withholding of a portion of the tax and its treatment as a deficiency had not been enacted when section 732 first became law.

In order then to give section 732 (b) any meaning whatever as of the date of its enactment it must be taken as conferring on the Tax Court jurisdiction to consider standard issues under the excess profits tax subchapter generally once a petition has been filed with respect to a claim under section 722. There is no other situation to which it could apply. And if the Tax Court has jurisdiction to consider standard deficiency issues, it has under section 322 a corresponding jurisdiction to consider claims for overpayment likewise based upon the standard issues.

All this would seem clear enough from the statutory provisions themselves. But even if the provisions were ambiguous, an examination of the legislative history would demonstrate that this result is required. The explanation accompanying section 732 is that "If such petition is filed such notice of disallowance is deemed to constitute a notice of deficiency for the purpose of assessment and collection of any deficiencies *and the credit or refund of overpayments (including the suspension of the statute of limitations with respect thereto)*. If such appeal is taken, then all pertinent issues *bearing upon the tax liability*

*under chapter 2E may be raised by the taxpayer and reviewed by the Board.* If the Board does not find an overpayment but finds a deficiency in such cases, such deficiency may be assessed and collected, *regardless of any statute of limitations otherwise applicable.* If a claim for refund involving an issue of abnormality is disallowed in whole or in part, *and the taxpayer does not wish to appeal to the Board, it still has the right to sue in the courts upon any issue raised in such claim* except the issue with respect to abnormalities." (Emphasis added.) H. Rept. 146, 77th Cong., 1st Sess., 15; 1941–1 C. B. 560.

It is thus apparent that even if the statute of limitations has run with respect to deficiencies or overpayments unconnected with abnormality questions, both the Commissioner and the taxpayer can raise them if jurisdiction has been obtained to review the treatment of the abnormalities, and that this desire to limit the effect of the statute of limitations was one of the purposes for which section 732 (b) was enacted.

The present problem is not resolved by such cases as *Uni-Term Stevedoring Co.,* 3 T. C. 917; *Pioneer Parachute Co.,* 4 T. C. 27; *Blum Folding Paper Box Co.,* 4 T. C. 795; and *American Coast Line, Inc.,* 6 T. C. 67, affd. (CCA–2), 159 Fed. (2d) 665. There the question was whether the Commissioner's issuance of a deficiency notice without passing on the claim for relief gave the Tax Court jurisdiction of the latter. Here the converse and entirely different question is whether denial of a section 722 claim gives the Tax Court the basis for jurisdiction of standard excess profits tax issues. It would be harsh enough if as in the present case the statute of limitations were intended to deny to a taxpayer the possibility of receiving a refund concededly due. But the statutory provisions, and especially the preoccupation of Congress with the very matter of the statute of limitations, makes it so clear that this was not intended that it seems to me all the more regrettable to deny our definitively conferred jurisdiction.

Johnson and Raum, *JJ.,* agree with this dissent.