MARTIN WEINER CORP. (FORMERLY WOHL FABRICS CO.), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32774. Promulgated January 15, 1954.

Benjamin Nadel, *C. P. A.*, for the petitioner.
Maurice S. Bush, *Esq.*, for the respondent.

474

476

OPINION.

BLACK, *Judge:* On January 26, 1953, respondent moved that this proceeding be dismissed insofar as it relates to income taxes for the taxable years 1941 to 1944, inclusive. In support of his motion to dismiss for lack of jurisdiction respondent urges the following grounds:

1. THAT the parties have stipulated that the amounts set forth as deficiencies in income tax in a combined notice of deficiency and disallowance were actually paid prior to the mailing of said notice and were assessed on April 29, 1951.

2. THAT the Court, therefore, has no jurisdiction of the proceeding in so far as it relates to income taxes for the taxable years 1941 to 1944, inclusive.

We have no proceeding before us with reference to the deficiencies in petitioner's income tax for the years 1941 to 1944, inclusive. It is true, as shown in our Findings of Fact, that the Commissioner determined deficiencies in petitioner's income tax for each of the years 1941, 1942, 1943, and 1944. But the petition contains no assignments of error contesting the deficiencies in income tax. In fact, it has been stipulated that:

On February 23, 1951, petitioner filed the petition in the instant proceeding seeking relief only in respect of its excess profits tax [under section 722 of the Code].

We have held in several cases that a deficiency in income tax is one thing and a deficiency in excess profits tax is another. One can be appealed from by the taxpayer while, at the same time, he may accept the determination of the Commissioner as to the other. Cf. *Will County Title Co.*, 38 B. T. A. 1396, and *Superheater Co.* v. *Commissioner*, 125 F. 2d 514.

In the instant case it is plain that the petitioner did not appeal from the deficiencies in income tax which the Commissioner had determined against it for the years 1941, 1942, 1943, and 1944. No appeal having been taken from them, there is, therefore, nothing to dismiss. The Commissioner's motion to dismiss for lack of jurisdiction is therefore without merit and is denied.

*Do We Have Jurisdiction to Enter Judgment of Overpayment of $4,646.45 in Excess Profits Tax Attributable to Standard Issue Adjustments?*

The only issue left before us, aside from the question of jurisdiction as to income tax which we have just disposed of, is whether a refund of $4,646.45 of the $11,088.77 overpayment in excess profits tax determined for 1942 is within the jurisdiction of the Tax Court and, if within the jurisdiction of the Court, is barred by the statute of limitations. With respect to the $4,646.45 aforesaid respondent, in his amended answer, pleads:

13. That under the provisions of section 322 (d) of the Internal Revenue Code the Tax Court may not determine as an overpayment due to the petitioner for the taxable year 1942 the said amount of $4,646.45.

The respondent does not dispute that the balance, or $6,442.32, of the overpayment, being solely attributable to section 722 relief for which a timely valid claim for refund was filed, is refundable to the petitioner. Respondent argues that this Court cannot direct refund of the $4,646.45 in question for the following reasons: (1) The Tax Court does not have jurisdiction because it is an overpayment due to standard issues and is not related to section 722 relief and the Commissioner has not determined any deficiency in petitioner's excess profits tax for 1942, but, on the contrary, has determined an over-assessment, and (2) this $4,646.45 is attributable to standard issue adjustments and petitioner's right to a refund of the portion of the overassessment in excess profits tax for the taxable year 1942 solely attributable to standard issue adjustments is defeated by petitioner's failure to bring itself within either the 2- or the 3-year limitation period of section 322 (d) of the Internal Revenue Code.

The petitioner contends that the refund of $4,646.45 should be granted by the Tax Court for the following reasons: (1) The 3-year statute of limitations under section 275 (a) for the year 1942 was extended by agreements between the petitioner and the Commissioner until June 30, 1947, and then on to June 30, 1951, and (2) a valid claim for relief pursuant to section 722 was filed, together with supplementary claims for refund of the full amount of the excess profits taxes paid in respect of the year 1942 on Form 843 and includes the entire $11,088.77, and this Court has it within its jurisdiction to determine any overpayment of excess profits taxes for the year 1942, regardless of the fact that an overassessment of excess profits tax for 1942 has been determined due to standard issue adjustments, petitioner having appealed from the disallowance notice of December 15, 1950.

The Tax Court's jurisdiction to grant refunds because of overpayments is defined in section 322 (d), as follows:

SEC. 322. REFUNDS AND CREDITS:

(d) OVERPAYMENT FOUND BY BOARD.—If the Board finds that there is no deficiency and further finds that the taxpayer has made an overpayment of tax in respect of the taxable year in respect of which the Commissioner determined the deficiency, or finds that there is a deficiency but that the taxpayer has made

an overpayment of tax in respect of such taxable year, the Board shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Board has become final, be credited or refunded to the taxpayer. No such credit or refund shall be made of any portion of the tax unless * * *

Section 322 (d) is made applicable to excess profits taxes by the general provision of section 729 (a).

For each particular year there must be a deficiency determined initially for this Court to have jurisdiction to grant a refund under section 322 (d). *Commissioner* v. *Gooch M. & E. Co.*, 320 U. S. 418; *Gress Manufacturing Co.*, 3 B. T. A. 977. Since there is no deficiency in petitioner's excess profits tax for 1942 as defined in section 271 (a), we have no jurisdiction under section 322 (d) to grant a refund.

An exception to the general rule above is the Tax Court's special jurisdiction under section 732 (a) to grant refunds for excess profits taxes pursuant to section 722. Petitioner contends that the $4,646.45 in question is refundable in a section 722 proceeding, as here. The $4,646.45 in question resulted from three adjustments made by respondent as follows:

(a) It decreased officers' salaries reported by petitioner by $3,500.00. This is an adjustment in favor of the respondent.

(b) It increased petitioner's average base period net income from $28,530.68 reported on said Form 1121 to $35,965.13 by use of the so-called "growth formula" under section 713 (f) of the Internal Revenue Code. This is an adjustment in favor of the petitioner.

And a third adjustment

increased petitioner's excess profits credit by $1,600.00 to reflect an additional excess profits credit for net capital additions of $20,000.00, computed on the basis of 8% of the $20,000.00 pursuant to the provisions of sections 713 (a) [1] (B) and 713 (g) of the Internal Revenue Code. * * *

These adjustments are so-called standard issue adjustments, that is, they are made under sections of the Code other than section 722. Petitioner has filed valid claims for relief under section 722 and this Court has 722 jurisdiction. Respondent concedes that petitioner is thereby entitled to a refund of $6,442.32, which he has allowed under section 722.

Respondent denies, however, that we have jurisdiction to give judgment for a refund of the $4,646.45 overassessment of petitioner's excess profits tax for 1942 due to standard issue adjustments. Among other cases which he cited in support of this contention is *Mutual Lumber Co.*, 16 T. C. 370. In the *Mutual Lumber Co.* case we held that the Tax Court has no jurisdiction over the tax imposed under the general excess profits tax provisions of the Internal Revenue Code, where an *overassessment* was determined by the Commissioner in the tax, even though, in the same notice, the Commissioner rejected the

taxpayer's application for relief under section 722. In the *Mutual Lumber Co.* case, *supra*, we said:

The jurisdiction of this Court to consider and decide cases involving the alleged application of section 722 is given in section 732, not in section 272 (a) (1). It is just as separate from that given to decide a case involving the tax imposed under the general excess profits tax provisions of the Code as it is from that given to decide one involving income tax. *Ideal Packing Co.*, 9 T. C. 346. This Court has no jurisdiction to decide the possible application of section 722 where the Commissioner determines a deficiency in excess profits tax but does not advise in the notice of the rejection of an application for relief under section 722. *Uni-Term Stevedoring Co.*, 3 T. C. 917; *Pioneer Parachute Co.*, 4 T. C. 27; *American Coast Line, Inc.* v. *Commissioner*, 159 Fed. (2d) 665, affirming 6 T. C. 67; *Pohatcong Hosiery Mills, Inc.* v. *Commissioner*, 162 Fed. (2d) 146, affirming a Tax Court memorandum opinion. Likewise, it has no jurisdiction to determine the tax liability under the general provisions of Subchapter E where the Commissioner, in one notice, rejects the application for relief under section 722 and determines an overassessment of excess profits tax imposed under the general provisions of Subchapter E. Cf. *Ideal Packing Co.*, *supra*. The scheme of Subchapter E is that the correct tax liability under the general provisions, without the benefit of section 722, must first be fixed before the question of possible relief by refund or credit of a part of that amount can be considered. * * *

See also *Packer Publishing Co.*, 17 T. C. 882, 898. In this latter case, we said:

There having been no determination of any deficiencies as to income tax or excess profits tax, jurisdiction is lacking to deal with the question whether such relief as is being granted would entitle petitioner to a larger deduction for its manager's bonus which consists of a percentage of profit after taxes. The proceeding in these respects must be dismissed. *Mutual Lumber Co.*, 16 T. C. 370.

In *H. Fendrich, Inc.* v. *Commissioner*, 192 F. 2d 916, the United States Court of Appeals for the Seventh Circuit disagreed with our holding in *Mutual Lumber Co.*, *supra*, and reversed the Tax Court's order dismissing the petition of the taxpayer in the *Fendrich* case for want of jurisdiction of the taxpayer's petition insofar as it related to issues other than section 722 relief. We have carefully considered the Court's opinion in that case but are not convinced by it that we erred in the *Mutual Lumber Co.* case, *supra*, and, therefore, feel that we should follow our decision in *Mutual Lumber Co.* in the instant case. In the *Mutual Lumber Co.* case, the Commissioner had determined an overassessment of taxpayer's excess profits tax of $858.76 and in the notice sent to the taxpayer denied relief under section 722. The taxpayer abandoned any claim for relief under section 722 but sought refund of the overassessment in excess profits tax of $858.76, which had been determined by the Commissioner. We denied any judgment for refund because the Commissioner had not determined any deficiency in taxpayer's excess profits tax but, on the contrary, had determined an overassessment and we had no jurisdiction to direct refund of this overassessment.

In the instant case, the Commissioner has not determined a deficiency in petitioner's excess profits tax for 1942, but, on the contrary, has determined an overassessment in petitioner's excess profits tax for that year of $11,088.77, of which $4,646.45 is due to standard issue adjustments. In his joint notice the Commissioner has also given notice of disallowance of petitioner's claim under section 722 in part, and allowance in part. The amount allowed under section 722, as computed by the Commissioner, was $6,442.32. Petitioner was not satisfied with this amount and appealed to this Court, assigning errors which we have already enumerated, seeking greater relief under section 722 than the Commissioner had allowed. However, petitioner, at the hearing, abandoned its claim for greater relief under section 722 than the Commissioner has allowed but contends that we should enter a decision in its favor for the full amount of $11,088.77, which the Commissioner has determined represents overassessment in petitioner's excess profits tax for 1942. As already explained, $4,646.45 is attributable to adjustments made under standard issues and $6,442.32 represents relief granted under section 722 by using a constructive average base period net income of $43,500 in determining petitioner's excess profits credit, instead of $35,965.13 average base period net income which was computed by the growth formula.

For reasons we have already explained, we think we must hold that we have no jurisdiction to enter a judgment for refund of the $4,646.45 due to standard issue adjustments. As already pointed out, the Commissioner concedes that the $6,442.32 heretofore mentioned should be refunded as section 722 relief. The Commissioner also concedes that petitioner is entitled to section 722 relief of $3,221.16 for the year 1941. Petitioner, on its part, concedes that there are deficiencies in its excess profits tax for 1943 of $30,078.73, and for the year 1944 of $48,982.54.

For the reason that we have decided that we have no jurisdiction to enter judgment of refund for the $4,646.45 in question, it is unnecessary to decide respondent's contention that refund of the $4,646.45 is barred by the statute of limitations anyway.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

KERN, *C. J.*, dissenting: I still feel that the majority opinion in *Mutual Lumber Co.*, 16 T. C. 370, correctly construed the rather ambiguous statutory provisions governing our jurisdiction in circumstances discussed under the second issue of the instant case, and that the conclusions made in the *Mutual Lumber Co.* case would contribute to a more orderly disposition by this Court of the troublesome cases

arising under section 722. However, the actions taken in similar cases by the several Courts of Appeals referred to in Judge Opper's dissenting opinion force me to the conclusion that the orderly administration of justice requires us to abandon now the position taken by us in the *Mutual Lumber Co.* case. Therefore, I reluctantly note my dissent.

---

OPPER, *J.*, dissenting: As to the second issue, I must again dissent, this time on the authority of *H. Fendrich, Inc.* v. *Commissioner*, (C. A. 7) 192 F. 2d 916; *City Machine & Tool Co.* v. *Commissioner*, (C. A. 6) 194 F. 2d 535; and *Claremont Waste Mfg. Co.* v. *Commissioner*, C. A. 1) unreported (May 7, 1952).[1] See also *Kemp Real Estate Co.* v. *Commissioner*, (C. A. 2) 205 F. 2d 236.

Furthermore, the present facts convincingly demonstrate the necessity of considering "standard issues" in connection with the rejection of claims for refund under section 722. It is only respondent's increase of petitioner's excess profits credit under section 713 which brings the case here to contest the denial even in part of the 722 relief. Of course the petitioner is not entitled under section 722 to any consideration with respect to abnormalities where the tax computed under other relief provisions, such as section 713, is not excessive or discriminatory. *Irwin B. Schwabe Co.*, 12 T. C. 606; *Homer Laughlin China Co.*, 7 T. C. 1325. But the over-all consequence is that petitioner has overpaid its tax to the full extent of the amount presently being claimed under section 722. And that claim on one theory or another is concededly valid. The failure to find an overpayment in the full amount, particularly on the ground of an absence of jurisdiction which three circuits now regard as erroneous, seems to me a grave miscarriage of justice.

ARUNDELL, HARRON, and RAUM, *JJ.*, agree with this dissent.

---

[1] In the last two cases, the Commissioner appears to have conceded error. See P-H 1952, par. 72,499, 52–2 USTC, par. 9429. In fairness to him, it must be said that he apparently does the same now.