F. W. Poe Manufacturing Company v. Commissioner.
F. W. Poe Mfg. Co. v. Commissioner
Docket No. 38661.
United States Tax Court
T.C. Memo 1954-158; 1954 Tax Ct. Memo LEXIS 88; 13 T.C.M. (CCH) 886; T.C.M. (RIA) 54264; September 24, 1954, Filed *88 Where a proceeding is initiated before the Tax Court to test the correctness of respondent's action in denying, in whole or in part, a claim for refund under section 722 of the Internal Revenue Code of 1939, the Court is without jurisdiction to consider issues raised by either litigant relating to the general provisions of the excess profits tax statute. Mutual Lumber Co., 16 T.C. 370, West Flagler Amusement Co., 21 T.C. 486. William H. Charles, Esq., 314 North Broadway, St. Louis, Mo., for the petitioner. James P. Powers, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: This proceeding was initiated to test the correctness of respondent's determination of deficiencies in the petitioner's income and excess profits taxes in the amounts of $87.01 and $16,669.66, respectively, for the taxable year 1941, and in the amounts of $4,786.73 and $16,514.55, [1] respectively, for the taxable year 1942, and also respondent's action in disallowing petitioner's claim for excess profits tax relief for those years under section 722. Petitioner pleaded specially that the deficiencies determined had been previously paid. On brief, the petitioner waived its allegations of error with respect to the disallowance of excess profits tax relief, and the respondent concedes that the deficiencies originally determined had been previously paid in 1944. *90 In an amended answer, the respondent claimed additional deficiencies of $23,895.85 and $33,738.87 in petitioner's excess profits tax for the years 1941 and 1942, respectively. In its reply to the amended answer, petitioner pleads the statute of limitations as a bar to the deficiencies there claimed for the first time. This proceeding was submitted under Rule 30 with a stipulation of facts, and the issues have been severed in order that the statute of limitations issue might be decided first. The Court, however, on its own motion, has raised the question of its jurisdiction to hear the issues raised in the amended answer, which is the only one remaining for decision. Findings of Fact The petitioner, a South Carolina corporation with its office at Greenville, South Carolina, filed its Federal income and excess profits tax returns for the fiscal year ended August 31, 1941, on November 23, 1941, and its Federal income and excess profits tax returns for the fiscal year ended August 31, 1942, on November 14, 1942, with the collector of internal revenue for the district of South Carolina. The excess profits tax returns showed liabilities in excess profits tax of $91,129.49 for the *91 taxable year 1941 and $341,937.27 for the taxable year 1942, which were subsequently assessed and paid. The taxes were computed by the use of a credit based upon invested capital under the provisions of section 714 of the Internal Revenue Code of 1939. During 1943, a renegotiation settlement computed under the provisions of section 3806 had the effect of reducing the petitioner's excess profits tax liability for the taxable year 1942 to $327,907.45. On September 15, 1943, the petitioner duly filed applications for relief under section 722, on Form #991, for the taxable years 1941 and 1942. On October 13, 1944, the petitioner received a letter dated October 13, 1944, from the Internal Revenue Agent in Charge, Columbia, South Carolina, enclosing a revenue agent's report dated January 25, 1944, disclosing the following deficiencies: Excess
Fiscal Year
Income Tax
Profits Tax
1941
$ 87.01
$16,669.66
1942
4,786.73
16,514.55 Neither respondent nor any of his agents gave any notification to petitioner of the allowance in whole or in part of its claims for relief under the provisions of section 722 of the Code of 1939, except to the extent set forth in this *92 paragraph. The petitioner's liability for excess profits taxes, as set forth in the revenue agent's report, was calculated by the respondent's examining officer by the use of a credit based upon a constructive average base period net income under the provisions of section 722, but the liability was also calculated upon the basis of various other adjustments, with the result that deficiencies arose in excess profits tax for the taxable years 1941 and 1942 despite the use of section 722 in calculating the tax. On November 17, 1944, the petitioner executed a waiver of restrictions as provided in section 272(a), consenting to the collection and assessment of the deficiencies, and on this date petitioner paid the deficiencies. Assessment of the deficiencies was made by the respondent on December 15, 1944. The total assessments against the petitioner on account of income and excess profits taxes are as follows: Taxable Year 1941
Taxable Year 1942
Excess Profits
Income
Excess Profits
Income
Tax
Tax
Tax
Tax
Originally assessed
$ 91,129.49
$130,410.85
$341,937.27
$118,588.52
Renegotiation adjustment
14,029.82
2,603.20
Net previous assessments
$ 91,129.49
$130,410.85
$327,907.45
$115,985.22
Deficiencies assessed Dec. 15, 1944
16,669.66
87.01
16,514.55
4,786.73
Totals
$107,799.15
$130,497.86
$344,422.00
$120,771.95
*93 All of the above assessments were paid by the petitioner on or before November 17, 1944. According to the report of the respondent's examining officer, the correct liability of the petitioner in excess profits taxes, if the claims for relief under section 722 are disregarded, is as follows: Taxable Year 1941
$131,695.00
Taxable Year 1942
$378,160.87 The differences between the liabilities immediately above and the total assessments of excess profits taxes, as set out in the previous paragraph, constitute the deficiencies asserted by the respondent in his amended answer as follows: Taxable Year
Taxable Year
1941
1942
Revenue Agent's Report, disregarding section 722 claims
$131,695.00
$378.160.87
Total assessments previously paid
107,799.15
344,422.00
Deficiencies now asserted by respondent in amended answer
$ 23,895.85
$33,738.87
The parties have stipulated that the deficiencies in the amounts of $23,895.85 and $33,738.87 for the taxable years 1941 and 1942, respectively, or deficiencies in other amounts, are properly assessable if: (a) The adjustments made in the report of the respondent's examining officer referred to above *94 in matters not involving section 722 are taken as correct and proper adjustments, and (b) The petitioner is not entitled to make use of a credit based upon a constructive average base period net income in computing its tax or is entitled only to a smaller constructive average base period net income than that used in the report of the respondent's examining officer referred to above, and (c) The assessment of the deficiencies, or deficiencies in other amounts, is not prevented by the statute of limitations. On November 2, 1951, the respondent gave notice to the petitioner in accordance with the provisions of section 732 of the Internal Revenue Code of 1939 that its claims for refund, filed September 15, 1943, were rejected. Following is a copy of this letter: "F. W. Poe Manufacturing Company Greenville, South Carolina
"Sirs: "You are advised that a determination of your income tax liability and excessprofits tax liability for the taxable years ended August 31, 1941 and August 31, 1942 discloses deficiencies in the following amounts: Excess-
Income Tax
Profits Tax
August 31, 1941
$ 87.01
$16,669.66
August 31, 1942
4,786.73
15,514.55 [2]
*95 "It is noted that on November 17, 1944, you executed a waiver of the restrictions provided in Section 272(a) of the Internal Revenue Code consenting to the assessment and collection of the deficiency shown in this notice. "In making this determination your applications for relief (Form 991) under Section 722 of the Internal Revenue Code, filed September 15, 1943, has been given careful consideration. Other adjustments affecting your excess-profits tax liability result in a deficiency. Accordingly, it has been determined that such applications should be rejected. "In accordance with the requirements of Section 732 of the Internal Revenue Code notice is given of the disallowance of the claims for refund asserted in your applications for relief. "Yours very truly, "JOHN B. DUNLAP, Commissioner of Internal Revenue "By (sgd.) Robert E. McDuffie, Internal Revenue Agent in Charge." Opinion In a single notice issued in 1951, the respondent disallowed the petitioner's claim for excess profits tax relief for the taxable years 1941 and 1942 and determined deficiencies in income and excess profits taxes for those *96 years. The petitioner initiated proceedings before this Court and alleged that the determined deficiencies had long since been paid in 1944 and in the alternative alleged respondent erred in rejecting petitioner's claim under section 722 in its entirety. The petitioner, on brief, has waived its allegations of error with respect to the disallowance of excess profits tax relief, and the respondent concedes that the determined deficiencies were assessed and paid in 1944. However, in an amended answer, the respondent claims additional deficiencies in excess profits tax for the same years and the validity of this claim is now the only matter in dispute. The case was submitted to us to determine whether the assessment and collection of the deficiencies claimed for the first time in the amended answer and more than three years after the returns were filed are barred by the statute of limitations contained in section 275(a) and section 729(a) of the Internal Revenue Code. While conceding that the statute of limitations would be a complete defense to the assessment and collection of the deficiencies, if there had not been a disallowance of excess profits tax relief *97 for the same years, and if the disallowances had not been contested, the respondent nonetheless takes the position that once a disallowance is contested, the statute of limitations is no longer a bar. That is, the respondent contends that a taxpayer who receives a notice disallowing excess profits tax relief must choose either to accept the disallowance, in which case the statute of limitations is a defense to any deficiencies which may be determined or claimed, or he may contest the disallowance, but only at the price of forfeiting the statute of limitations as a defense to the deficiencies claimed. The reason, according to the respondent, is that in opposing the disallowance, the taxpayer petitions this Court under section 732(a) of the Internal Revenue Code of 1939, as amended, for a "redetermination of the tax" and there can be no such determination unless the otherwise barred deficiencies are taken into account. While the parties raise no question as to our jurisdiction to hear and decide whether the statute of limitations is a defense to the deficiencies claimed for the first time in respondent's amended answer, it is nevertheless our duty to so inquire. As we have heretofore *98 pointed out, the respondent concedes that his notice of November 2, 1951, insofar as it purported to advise of the determination of the deficiencies in income and excess profits taxes for the years 1941 and 1942 was ineffective and invalid. It has been held from the very earliest days of this tribunal that a letter purporting to be a notice of deficiency under section 272(a) is ineffective to give this Court jurisdiction in cases where the deficiencies have in fact already been paid. Everett Knitting Works, 1 B.T.A. 5; Stanley A. Anderson, 11 T.C. 841; McConkey v. Commissioner, 199 Fed. (2d) 892. The notice of November 2, 1951 must therefore stand solely as a notice under section 732, in the nature of a rejection of a claim for refund under section 722. The jurisdictional question thus presented is whether or not either litigant, in a proceeding initiated solely as a result of a notice of rejection of a claim for refund under section 722, may raise by way of petition or answer issues relating to the general provisions of the excess profits tax statute. This we have held may not be done. Mutual Lumber Co., 16 T.C. 370; Pittsburgh & Weirton Bus Co., 21 T.C. 888; *99 Martin Weiner Corp., 21 T.C. 470; West Flagler Amusement Co., 21 T.C. 486. Because the proposed deficiencies in the instant proceeding result in part from an attempted and unauthorized allowance of section 722 relief by a revenue agent many years ago, it might seem at first blush that a more restricted question is raised than that posed in the case cited in the preceding paragraph, but counsel for respondent frankly refuses to so contend. We have here no atempt by the Commissioner to reduce or modify an allowance made by him in his action on section 722 claims, as respondent has denied all relief by his notice of November 2, 1951. The issue which is squarely raised is the broad one we have heretofore considered. Until this Court changes its present position from that expressed in the cited case, there is no course open but to hold that we have no jurisdiction to hear and determine the question presented on the severed issues. An Order will be entered in accordance with the foregoing Opinion. Footnotes
1. This deficiency is indiscriminantly referred to by the parties as being in the amounts of $16,514.55 and $15,514.55.↩
2. See Footnote 1, supra.↩