**WILLYS–OVERLAND MOTORS, Inc., Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 12217.**

United States Court of Appeals, Sixth Circuit.

Feb. 23, 1955.

252

Milton C. Boesel, Ritter, Boesel & Lord, Toledo, Ohio, on the brief, for petitioner.

H. Brian Holland, Ellis N. Slack, Lee A. Jackson, Harry Marselli, Washington, D. C., for respondent.

Before ALLEN, MILLER and STEWART, Circuit Judges.

PER CURIAM.

Following the disallowance by the Commissioner of Internal Revenue of claims filed by the taxpayer, Willys-Overland' Motors, Inc., for relief under Sec. 722, Internal Revenue Code, 26 U.S. C.A. § 722, due to abnormalities in the base period income, with respect to excess profits taxes for its taxable years ended September 30, 1942, 1943, 1944 and 1945, the taxpayer, on April 21, 1950, filed its petition in the Tax Court challenging the disallowance of Sec. 722 relief. Sec. 732(a), I.R.Code, 26 U.S. C.A. § 732(a).

Prior to instituting this proceeding, the taxpayer had on September 22, 1949, filed with the Commissioner a claim for a tax refund in the amount of $34,681.10 for the fiscal year ended September 30, 1945, by reason of a payment of $48,-168.20 alleged to have been paid to the Office of Price Administration on account of certain overcharges in sales made by the taxpayer in unintentional violations of Office of Price Administration Regulations. This claim was disallowed by the Commissioner on October 12, 1951.

On January 29, 1954, the taxpayer filed a motion in the present proceeding before the Tax Court for leave to amend its petition so as to assert in addition to the relief sought under Sec. 722 its claim for an additional deduction for the fiscal year ended September 30, 1945 based on the $48,168.20 payment to the Office of Price Administration. The proposed amendment was annexed to the motion.

The motion was denied by the Tax Court on the ground that it lacked jurisdiction to determine the issue sought to be raised by the proposed amendment, relying upon its ruling in Mutual Lumber Co. v. Commissioner, 16 T.C. 370, Martin Weiner Corp. v. Commissioner, 21 T.C. 470, and West Flagler Amusement Co., Inc., v. Commissioner, 21 T.C. 486. The position of the Tax Court was that in a proceeding before it to review the disallowance of claims of a taxpayer for relief under Sec. 722 it was limited to a consideration of that issue alone, and that it was without jurisdiction to consider any so-called "standard issue," arising under the general provisions of the Excess Profits Tax Acts of World War II. A review of this ruling is now before us.

Following its ruling in Mutual Lumber Co. v. Commissioner, supra, the Tax Court ruled to the same effect in the case of H. Fendrich, Inc. On review this ruling was reversed in H. Fendrich, Inc., v. Commissioner, 7 Cir., 192 F.2d 916. The Tax Court also followed its ruling in the Mutual Lumber Co. case in the case of City Machine & Tool Company. On review before this Court the Commissioner confessed error and the ruling of the Tax Court in that case was reversed in a short Per Curiam which referred to H. Fendrich, Inc., v. Commissioner, supra. City Machine & Tool Company v. Commissioner, 6 Cir., 194 F.2d 535. The Tax Court also followed its ruling in the Mutual Lumber Co. case in the case of Claremont Waste Mfg. Co. In a review of that ruling there was a similar confession of error on behalf of the Commissioner and the

ruling was reversed by the Court of Appeals for the 1st Circuit. See 1952 P-H, Par. 72,449, decided May 7, 1952. The Tax Court again followed its ruling in the Mutual Lumber Co. case in Packer Publishing Co. v. Commissioner, 17 T.C. 882, 898–899, which ruling was also reversed by the Court of Appeals for the 8th Circuit. Packer Pub. Co. v. Commissioner, 211 F.2d 612. The Tax Court has continued to follow its ruling in the Mutual Lumber Co. case in other cases which are now under review by the Courts of Appeals in the 1st, 2nd and 4th Circuits, as well as in the present case.

On this review the Commissioner has not confessed error, as was done when we reviewed the ruling in the City Machine & Tool Company case. In lieu of a brief, he has filed a "Memorandum for the Respondent," in which he reviews the history of the litigation involving the issue before the Tax Court, gives the reasons influencing him to confess error in the City Machine & Tool Company case and Claremont Waste Mfg. Co. case, and asks that the Court consider the conflicting views uninfluenced by any confession of error.

The issue might well be considered closed in this Circuit by our ruling in City Machine & Tool Company v. Commissioner, supra, in which we cited with approval H. Fendrich, Inc., v. Commissioner, supra, 7 Cir., 192 F.2d 916. The ruling in that case, however, may be subject to the construction that it was based partly upon the Commissioner's confession of error, and that the question did not there have a considered review. We have again considered the question on the present review and find ourselves in agreement with the views expressed by the Court of Appeals for the 7th Circuit in the H. Fendrich Inc. case and as expressed by Judge Opper of the Tax Court in his dissenting opinion in Mutual Lumber Co. v. Commissioner, supra, 16 T.C. 370, 374. In view of those opinions, it is unnecessary to make a more extended statement.

The judgment of the Tax Court is reversed and the case is remanded for further proceedings consistent with the views expressed herein.