Pittsburgh and Weirton Bus Company v. Commissioner.
Pittsburgh & Weirton Bus Co. v. Commissioner
Docket No. 35357.
United States Tax Court
T.C. Memo 1955-299; 1955 Tax Ct. Memo LEXIS 38; 14 T.C.M. (CCH) 1153; T.C.M. (RIA) 55299; November 4, 1955
Robert P. Smith, Esq., 509 Bowen Building, Washington, D.C., for the petitioner. R. G. DeQuevedo, Esq., for the respondent. LEMIRE Supplemental Memorandum Opinion LEMIRE, Judge: This proceeding is now before us under the mandate of the United States Court of Appeals for the Fourth Circuit dated March 14, 1955, remanding the action for further proceedings consistent with its *39 opinion filed February 9, 1955. (219 Fed. (2d) 259.) The mandate directs us to determine the issue raised by the respondent's amended answer requesting a finding that there is a deficiency in the excess profits tax of the petitioner for the taxable year 1944 in the amount of $29,454.95. Subsequent to the remand this Court entered an order granting the petitioner's motion to file an amended reply to the amended answer and directed further proceedings restricted to the issues raised by the amended pleadings. No additional evidence was presented at the supplemental hearing. In our original opinion (21 T.C. 888) we found as a fact that petitioner had deferred payment of the amount of $29,454.95 of its excess profits tax for the year 1944 pursuant to section 710(a)(5) of the Code. Petitioner does not contest the amount or its nonpayment. It contends that the notice of deficiency was not served within the three-year period of limitations prescribed by section 275(a) of the Internal Revenue Code (1939). In California Vegetable Concentrates, Inc., 10 T.C. 1158, this Court held that the amount of excess profits tax, payment of which is deferred *40 under section 710(a)(5), is no part of the tax imposed within the language of section 271 defining a deficiency and is not imposed until the determination in the section 722 procedure that there is liability therefor. The final sentence of section 710(a)(5) provides: "* * * Notwithstanding any other provision of law or rule of law, to the extent that any amount of tax remaining unpaid pursuant to this paragraph is in excess of the reduction in tax finally determined under section 722, such excess may be assessed at any time before the expiration of one year after such final determination." In view of the foregoing provision we are of the opinion that it was not intended that the three-year period prescribed by section 275(a) be applied where the payment of excess profits tax is deferred under section 710(a)(5) of the Code. The contention of the petitioner that section 275(a) of the Code bars the assessment and collection of the deficiency in its excess profits tax for 1944 is unsound. We believe, furthermore, that the opinion and mandate of the Court of Appeals require entry of a decision that there is a deficiency in petitioner's excess profits tax for 1944 in the amount *41 of $29,454.95. The Court of Appeals considered the arguments by the petitioner and concluded that the Commissioner by his amended answer had properly made claim for the "deficiency" of $29,454.95. It rejected all of the arguments of the taxpayer because they were based upon technicalities which were "exceedingly dubious", and because the Commissioner had suggested that he had resorted to the amended answer asserting the deficiency of $29,454.95 due to the fact that the taxpayer had indicated an intention to hold the Commissioner to the liability stated in the notice of disallowance and to resist any other attempt by the Commissioner to collect the deferred portion. The Court of Appeals evidenced complete approval of the dissent in this Court' s Mutual Lumber Co., 16 T.C. 370. It quoted at length from it, including that portion dealing with the suspension and disregard of the statute of limitations with respect to the assessment and collection of any deficiencies. In this posture we regard the law of this case as fixed by the opinion and mandate of the Court of Appeals and in accordance therewith order that Decision be entered that there is a deficiency of $29,454.95. *42