The OVERLAND CORPORATION (Formerly Willys-Overland Motors, Inc.), Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

The OVERLAND CORPORATION (Formerly Willys-Overland Motors, Inc.), Respondent.

Nos. 14673, 14674.

United States Court of Appeals
Sixth Circuit.

May 7, 1963.

---

Jay O. Kramer, Milton M. Bernard, New York City, for petitioner; Thomas J. Lynch, Washington, D. C., George W. Ritter, Milton C. Boesel, Toledo, Ohio, on the brief.

Harry Marselli, Dept. of Justice, Washington, D. C., for respondent; John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, Harold C. Wilkenfeld, Attys., Dept. of Justice, Washington, D. C., on the brief.

Before MILLER, Circuit Judge, BOYD, District Judge, and STARR, Senior District Judge.

STARR, Senior District Judge.

The Overland Corporation has petitioned for review of the decision of the Tax Court of the United States rendered April 10, 1961, 34 T.C. 1001, No. 105, denying its claims for relief and refund of certain excess profits taxes. The Commissioner of Internal Revenue has also petitioned for review of certain provisions of the Tax Court's decision. The Tax Court's findings of fact, opinion, and decision were based upon the parties' stipulation of facts.

Petitioner Overland, known since 1953 as the Overland Corporation, was organized as Willys-Overland Motors, Inc., under the laws of the State of Delaware in 1936, and it was one of two corporations created pursuant to the plan of reorganization of The Willys-Overland Company and Willys-Overland, Incorporated. Substantially all of the business of Overland Corporation and its predecessors consisted of the manufacture and sale of automobiles and automobile parts. Its principal place of business and factories were located in Toledo, Ohio. Overland filed income and excess profits tax returns for the fiscal years ending September 30, 1942 to 1945, inclusive, with the Collector of Internal Revenue at Toledo, Ohio. According to the Tax Court's findings of fact Overland's net liability for excess profits taxes for the fiscal years ending September 30, 1942 to 1945, inclusive, as shown by its returns and as assessed by the Commissioner of Internal Revenue, was paid by Overland as follows:

Fiscal year 1942 .... $ 5,708,109.61
Fiscal year 1943 .... 12,659,678.34
Fiscal year 1944 .... 16,608,921.05
Fiscal year 1945 .... 12,568,937.72

According to the Tax Court's findings of fact Overland filed applications for relief and claims for refund of excess profits taxes as follows:

| Fiscal Yr. Ended Sept. 30 | Return Filed    Claim for Refund Filed | Amount Claimed |
|---|---|---|
| 1942 | 2–15–43 | |
| | Original application (Form 991) Feb. 15, 1943 | |
| | Second application (Form 991) Sept. 15, 1943 | |
| | Amendment to application (Form 991) Dec. 26, 1945 | |
| | Claim for refund (Form 843) Nov. 27, 1945 | $ 3,584,566.38 |
| | Claim for refund (Form 843) Dec. 2, 1948 | 2,544,519.82 |
| | Claim for refund (Form 843) Jan. 2, 1957 | 5,670,818.34 |
| 1943 | 2–15–44 | |
| | Original application (Form 991) Feb. 15, 1944 | |
| | Amendment to application (Form 991)  Dec. 26, 1945 | |
| | Claim for refund  (Form 843) Nov. 27, 1945 | 8,112,972.48 |
| | Claim for refund  (Form 843) Dec. 2, 1948 | 4,330,905.03 |
| | Claim for refund  (Form 843) Jan. 2, 1957 | 9,442,519.37 |
| 1944 | 2–13–45 | |
| | Original application (Form 991) Feb. 13, 1945 | |
| | Amendment to application (Form 991) Dec. 6, 1948 | |
| | Claim for refund  (Form 843) Nov. 27, 1945 | 2,566,287.99 |
| | Claim for refund (Form 843) Feb. 17, 1947 | 412,964.02 |
| | Claim for refund (Form 843) Dec. 2, 1948 | 7,170,468.17 |
| | Claim for refund (Form 843) Dec. 13, 1949 | 892,732.00 |
| | Claim for refund (Form 843) Jan. 2, 1957 | 11,419,056.51 |
| 1945 | 2–5–46 | |
| | Original application (Form 991) Dec. 6, 1948 | |
| | Claim for refund (Form 843) Sept. 22, 1949 | 34,681.10 |
| | Claim for refund (Form 843) Sept. 22, 1950 | 28,707.85 |
| | Claim for refund (Form 843) Jan. 1, 1957 | 1,705,735.29 |

Overland filed the foregoing applications for relief and claims for refund of taxes under § 722 of the Internal Revenue Code of 1939 as amended, 26 U.S.C. § 722,[1] on the ground that the excess profits taxes imposed on it for the fiscal years ending September 30, 1942 to 1945, inclusive, were excessive and discriminatory. It also claimed certain additional refunds under so-called standard issues, which were later stipulated by the parties to be refundable subject to the Tax Court's decision on the statute of limitations. On January 26, 1950, the Commissioner issued a notice rejecting Overland's applications for relief and disallowing its claims for refund of taxes under § 722. On April 21, 1950, Overland filed its petition with the Tax Court under § 732(a) contesting the disallowance and asking for a redetermination of its claims for relief and refund of taxes. On January 29, 1954, Overland moved to amend its petition to include its contention that the Commissioner erred in rejecting its claim for refund of certain excess profits taxes for the year ending September 30, 1954, by denying a deduction for a payment by Overland to the United States in settlement of its unintentional violation of Office of Price Administration regulations. The Tax Court denied Overland's motion for leave to amend on the ground that it lacked jurisdiction, and cited in support of its denial its prior decisions in Mutual Lumber Co. v. Commissioner, 16 T.C. 370; Martin Weiner Corp. v. Commissioner, 21 T.C. 470; and West Flagler Amusement Co., Inc. v. Commissioner, 21 T.C. 486. The Tax Court's order denying Overland's motion to amend its petition for relief was reversed by this Court in Willys-Overland Motors, Inc. v. Commissioner of Internal Revenue, 6 Cir., 219 F.2d 251, and following this reversal the Tax Court granted Overland's motion for leave to amend its petition.

On April 19, 1955, Overland filed an amended petition in which it claimed overpayments of excess profits taxes for the fiscal years ending September 30, 1942 to 1945, inclusive, under § 722, and for the first time asserted an additional claim for overpayments of excess profits taxes on the ground that it was entitled to eliminate from its taxable net income for those years certain abnormal income resulting from research and development within the meaning of § 721(a) (2) (C) and (a) (3). The Commissioner filed answer to Overland's amended petition on June 17, 1955, denying its contentions and alleging that the refund of excess profits taxes sought on the basis of § 721 was barred by the expiration of the period of limitations prescribed by § 322. By an amendment to his answer the Commissioner asserted an additional claim for certain deficiencies in Overland's excess profits tax for the fiscal years ending September 30, 1942 and 1943. The Tax Court held that Overland was not entitled to relief under its claims for refund of taxes under § 722; that the statute of limitations, § 322(b) (1), barred recovery of any overpayments by Overland based upon the realization of abnormal income under § 721; and also held that the statute barred the Commissioner's claim for certain deficiencies in Overland's excess profits tax.

On this review the Commissioner contends that the Tax Court properly held that Overland's claims for relief and refund of taxes were barred under § 322(b) (1). However, the Commissioner also contends that in the event the decision of the Tax Court is reversed and Overland's claims are held not barred, the Commissioner would still be entitled to assert certain claims for deficiencies in taxes. On the other hand, Overland contends that its claims for relief and refund of taxes were timely filed under § 732(a) and were not barred by the statutes of limitations and that the decision of the Tax Court should be reversed and the case remanded to that court for determination of its claims for refund of

1. All statutory citations are to the Internal Revenue Code of 1939 as amended.

taxes on the merits. It may be noted that the facts underlying Overland's claims for relief and refund of taxes are not in issue on this review and that the question before this Court is whether its claims were barred by the limitation provision of § 322(b) (1), which provides:

"(b) *Limitation on allowance*

"(1) *Period of limitation. Unless* a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later."

Overland contends that its claims for relief and refund of taxes were timely filed under § 732(a) as amended, which provides in part:

"If a claim for refund of tax under this subchapter (excess profits tax) for any taxable year is disallowed in whole or in part by the Commissioner, and the disallowance relates to the application of section 711(b) (1) (H), (I), (J), or (K), section 721, or section 722, relating to abnormalities, the Commissioner shall send notice of such disallowance to the taxpayer by registered mail. Within ninety days after such notice is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the ninetieth day) the taxpayer may file a petition with The Tax Court of the United States for a redetermination of the tax under this subchapter. If such petition is so filed, such notice of disallowance shall be deemed to be a notice of deficiency for all purposes relating to the assessment and collection of taxes or the refund or credit of overpayments."

From examination of all applicable statutes and authorities construing such statutes, we are convinced that when the Commissioner issued notice of disallowance of Overland's claims on January 26, 1950, and Overland filed its petition within 90 days thereafter contesting the disallowance and for a redetermination of its claims for refund of taxes, the Tax Court acquired jurisdiction to determine if there was an overpayment of taxes and, if so, to order a refund, and that the limitation imposed by § 322 was not applicable during the pendency of the proceedings. It is significant to note the legislative history of § 732 as it bears upon the question now before this Court. The report of the House Ways and Means Committee, House Rep. No. 146, 77th Cong., 1st Sess., Int.Rev.Bull., cum. bull. 1941–1, p. 560, states in part:

"Under existing law, unless a deficiency has been determined by the Commissioner, a taxpayer has no right of appeal to the Board (now Tax Court) * * *. Thus, for example, if a refund claim were filed by a taxpayer and the Commissioner disallowed the claim in whole or in part but did not determine deficiency, no right of review of the Commissioner's action by the Board would be present. Inasmuch as the taxpayer's right to relief under certain of the relief provisions provided in this bill may only be raised by a claim for refund, it is necessary that a procedure be provided whereby the Board may obtain jurisdiction to review a decision by the Commissioner disallowing such claims. Accordingly, section 732 (added to the Excess Profits Tax Act of 1940 by section 9 of the bill) provides that the taxpayer may file a petition with the Board of Tax Appeals within 90 days after notice of such disallowance is mailed for redetermination of the excess-profits tax. If such petition is filed such notice of disallowance is deemed to constitute a notice of deficiency for the purposes of assess-

ment and collection of any deficiencies and the credit or refund of overpayments (including the suspension of the statute of limitations with respect thereto). If such appeal is taken, then all pertinent issues bearing upon the tax liability under Chapter 2E may be raised by the taxpayer and reviewed by the Board."

In reversing a decision of the Tax Court in H. Fendrich, Inc. v. Commissioner of Internal Revenue, 7 Cir., 242 F.2d 803, 807, the Court of Appeals said:

"The basis of the decision of the Tax Court is its refusal to consider the entire proceeding for 'redetermination of the tax' as a single proceeding. This was apparent when this case was here previously. In our decision we stated, 192 F.2d at page 919:

'It is difficult to understand how a tax can be correctly "redetermined" unless all factors entering into its determination are considered. A redetermination of a tax liability necessarily requires inquiry into any question properly raised which might affect that tax. Congress did not limit the Tax Court's jurisdiction to all pertinent issues raised under section 722, nor did it limit it to any question passed upon by the Commissioner in ruling upon the relief claims. Congress expressly stated that all pertinent issues bearing upon the tax liability under Chapter 2E, that is, the excess profits tax laws, may be raised by the taxpayer and reviewed by the Board. * * *'

"We think it is clear from the statutory provisions and legislative history that Congress established a procedure for the proper determination of the entire tax, and that such determination of the whole tax involves a single procedure which began with the timely filing of the application under § 722 and included the rejection thereof by the Commissioner and the petition to the Tax Court."

In reversing the Tax Court in May Broadcasting Company v. Commissioner of Internal Revenue, 8 Cir., 299 F.2d 84, 91, the Court said:

"Thus, under a proper interpretation of § 722 and § 732(a), the application to the Commissioner for relief and the petition to the Tax Court for redetermination of the tax are component parts of the procedure established by Congress for obtaining a redetermination of the tax in a single proceeding and necessarily involve a resolution of all standard issues and all abnormality issues specifically raised. No regulation of the Commissioner is pertinent to this case. Entitlement to refund based on the standard issue of equity invested capital has been established here by stipulation. Hence, § 322(d) authorizes the refund of 1942 excess profits taxes paid by taxpayer within two years prior to November 30, 1944. Moreover, we conclude on the basis of the foregoing reasoning and the authority of the Fendrich (7 Cir., 242 F.2d 803) and Poe (4 Cir., 245 F.2d 8) decisions that the Tax Court erred in holding that taxpayer's claim was barred by § 322(b), for the reason that that section is inapplicable generally to Tax Court proceedings and is inapplicable in this case."

See also Commissioner of Internal Revenue v. F. W. Poe Manufacturing Co., 4 Cir., 245 F.2d 8.

In reversing the Tax Court in Willys-Overland Motors, Inc. v. Commissioner of Internal Revenue, 6 Cir., 219 F.2d 251, 252, 253, this Court said:

"Following the disallowance by the Commissioner of Internal Revenue of claims filed by the taxpayer, Willys-Overland Motors, Inc., for relief under Sec. 722, Internal Revenue Code,

26 U.S.C.A. § 722, due to abnormalities in the base period income, with respect to excess profits taxes for its taxable years ended September 30, 1942, 1943, 1944 and 1945, the taxpayer, on April 21, 1950, filed its petition in the Tax Court challenging the disallowance of Sec. 722 relief. Sec. 732(a), I.R.Code, 26 U.S.C.A. § 732(a). * * *

"We have again considered the question on the present review and find ourselves in agreement with the views expressed by the Court of Appeals for the 7th Circuit in the H. Fendrich, Inc. case and as expressed by Judge Opper of the Tax Court in his dissenting opinion in Mutual Lumber Co. v. Commissioner, supra, 16 T.C. 370, 374. In view of those opinions, it is unnecessary to make a more extended statement."

From consideration of the applicable statutes and the foregoing authorities we conclude: (1) That Overland's claims for relief and refund of excess profits taxes were timely filed; (2) that Overland's claims for relief and refund of excess profits taxes were not barred by § 322(b) (1); (3) that the Tax Court of the United States has jurisdiction to determine all questions presented by Overland's claims for relief and refund of taxes and the Commissioner's claims for deficiency assessments; and (4) that the decision of the Tax Court should be reversed and these cases remanded to that court for determination on the merits of all claims of Overland for relief and refund of taxes and the Commissioner's claims for deficiency assessments. In view of our conclusions other questions raised by the parties do not require consideration or determination.

An order will accordingly be entered reversing the decision of the Tax Court and remanding these cases to that court for further proceedings in accordance with this opinion.